Reed, P. J.,
delivered the opinion of the court.
Appellee filed liis complaint against appellant, alleging that in the spring of 1892 he purchased from appellant 120 *555 cubic inches of water per second of time to be conveyed and delivered to him at two or three different farms under appellant’s ditch, for the irrigating season following; that appellant ^failed and refused to deliver the water; that he had no other source of water supply, and without the delivery of the water valuable crops growing on such farms would be lost, and asking a mandatory writ of injunction compelling the delivery of the water, alleging that the urgency was so great that it would not permit of the delay necessary to give notice, etc. A temporary writ Of injunction was allowed, by which the ditch company was ordered to at once deliver the water as prayed in the bill of complaint.
The defendant corporation answered, admitting its corporate existence. Admits the sale to the plaintiff of 120 cubic inches of water per second for the irrigating season of 1892. Admits that at the time of the alleged refusal to deliver water to the plaintiff, water was abundant and the ditch was fully supplied to the extent of its carrying capacity. Admits that it had failed and refused to deliver 40 cubic inches of water per second of time for use on section nine (9). Admits that for five years or more previous to the year 1892, -plaintiff had annually purchased from the defendant the same amount of water, but alleging that it had at all times delivered the water from its main ditch at Lupton for use on section six and from its branch ditch for use on section twenty-eight (28) ; that section nine (9) was below the proper terminus of its ditch about two miles and could only be supplied through a continuation of such ditch known as the tail or waste ditch,' which was only capable of carrying two hundred and eighty-five (285) inches of water.
The allegation of the complaint is that defendant sold, of the one hundred and twenty inches, forty inches to be used upon section nine (9) and fifty (50) inches to be used upon section twenty-eight, and a failure and refusal to supply both or either of such quantities.
There is in the answer of the defendant no traverse of thé allegation in regard to section twenty-eight, nor excuse nor *556 reason given for the failure to comply with the admitted contract, hence the allegation must be taken as confessed. The allegation in regard to the forty inches which was by contract to have been delivered at and for use on section nine is not denied, and that it did not deliver the water is admitted. The answer in regard to it is very lengthy and 'appears to be in confession and avoidance, — that being beyond the terminus proper of the ditch, the defendant was not obliged to make the delivery, — and then sets up the limited capacity of the waste or tail ditch (285 inches), and the inconvenience and expense that would be incurred to enlarge the ditch and make the delivery. No reason is given for not supplying the forty inches from the two hundred and eighty-five inches it was admitted the ditch was capable of carrying. No issue was made by the answer, nor any allegation upon which issue could be taken by the plaintiff, hence there were no facts to be tried or questions to which the testimony could be directed. A demurrer was filed to the answer on the ground of its insufficiency. The record does not show what, if any, judgment or disposition of it was made. It should have been sustained.
The record is voluminous and the printed abstract contains 174 large pages of printed matter, of which 142 pages are devoted to an abstract of the evidence.
For the reasons above given, the bill of exceptions and 15 of the supposed errors assigned, out of 20 in all, must be disregarded. Without issues of fact or a legal or equitable defense there was nothing to which the evidence could apply.
It is ably urged in argument by counsel of appellant that there was a plain and adequate remedy at law, the remedy misconceived. If the question was one preserved by the record and in such shape that this court could consider it, it might very seriously affect the result, but strange as it may seem, no such question was raised or suggested in the lower court by demurrer, motion or otherwise, nor was there any exception taken, nor is there any error assigned to the judgment of the court in granting the relief in the form of action *557 chosen. The objection only appears in argument and is not based upon anything appearing in the record or errors assigned. The interlocutory writ of injunction was issued ex parte and was mandatory. We do not find it necessary to determine whether a mandatory writ could have been legally allowed without notice on the allegations of the complaint when there is no statute warranting it. The authority to grant it in any case is very doubtful and the authorities are almost universally against it. It is in its nature a decretal order, and although under certain circumstances allowed as interlocutory, it is generally not allowable until the rights of the parties have been fully determined upon final hearing. Leaving out the character of the writ and considering only the facts stated and the nature of the relief asked, the fundamental question is whether any equitable relief could properly have been allowed had a demurrer been interposed to the complaint or the question properly raised in some other way. There was nothing in the complaint bringing the matters within the jurisdiction of a court of equity. It was a matter of contract and alleged failure to perform. It is true that it is alleged that the growing crops would be lost unless water was furnished, but this is not irreparable injury as defined in the books. Crops are grown, usually, for market. There is no allegation of insolvency of the corporation. The loss of crop could have been compensated in damages at the end of the season. Equitable relief can only be invoked when there is no adequate legal remedy. It cannot be substituted for mandamus or a legal action for damages for a breach of contract. On the face of the complaint it was clearly shown that the remedies at law were adequate and an absolute want of any element to confer jurisdiction in equity, but the jurisdiction was tacitly conceded and the defendant corporation proceeded without objection to adjudicate the matter. The court having had no jurisdiction by the case made, it could not be conferred by consent and the entire proceeding was irregular and void. Had the court had jurisdiction, the final decree of a perpetual injunction *558 was' erroneous. It was not shown that water had been used for any such length of time on section 9 as to make the right, what may perhaps be properly called “ prescriptive ” under the decisions in this state, so that it could be enforced against the corporation and a perpetual decree for the delivery of water made again. The contract relied on was only for the irrigating season of 1892 and the perpetuity was only coextensive with the existence of the contract. Any writ after the expiration of the contract would be void and inoperative. In the year 1898 plaintiff might decline to buy water or defendant decline to sell for use on section 9. It is quite probable after this lapse of time that matters between the parties have been adjusted, or the injunction become inoperative, but as such facts are not known to this court if they exist, the case must be determined. The decree of the district court will be reversed, the cause remanded with instructions to dissolve the injunction and dismiss the suit.

Reversed.