HOUSEHOLD FINANCE CORPORATION

*v.*

MAXWELL Y. SUTTON, *et al.*

(No. 9893)

Submitted April 22, 1947. Decided June 10, 1947.

278

*Robinson & Stump, John S. Stump, Jr.,* and *W. Paul McWhorter,* for appellant.

*Hoffheimer, Stotler & Louchery* and *Charles W. Louchery,* for appellees.

KENNA, JUDGE:

This proceeding was brought in the Circuit Court of Harrison County by Household Finance Corporation against Maxwell Y. Sutton and Lowndes Savings Bank and Trust Company for the purpose of enjoining Sutton and the bank from continuing Sutton's employment as manager of the personal credit department of that institution until after February 28, 1947, and to restrain Sutton at any time from disclosing to the bank a list of customers, manual of instructions, certain blank forms used by the complainant in its business, as well as "trade se-

crets," all of which had come into the possession of Sutton while employed by the complainant as the manager of its Clarksburg branch prior to February 28, 1946, when that employment was terminated by Sutton's voluntary resignation. The bill further prays that the damage suffered by the complainant by reason of the breach on the part of Sutton of the contract, a further breach of which is sought to be enjoined, may be ascertained and decreed, the contract expressly providing that a breach on the part of Sutton shall be regarded as resulting in one thousand dollars liquidated damages to complainant.

The basis for the relief sought was the express provision of Sutton's written contract of employment by the plaintiff dated January 1, 1946, by which Sutton agreed, according to the complainant's contention, that he would not, at any time within one year after the termination of his employment, within the municipality of Clarksburg or its trade area, engage or become interested, directly or indirectly, in any business the whole or any part of which was the lending of money in sums of five hundred dollars or less and would at no time disclose the "trade secrets" of the complainant.

On July 23, 1946, the circuit court granted the injunction prayed for in the bill of complaint in so far as the bill of complaint related to the use of the complainant's manual of instruction, customers list, and other trade secrets, but declined the injunction in so far as it related to the employment of Sutton by the bank as manager of its personal credit department, the circuit court expressing the view in its order that since the contract, as set up in the bill of complaint and in the answer, tends to stifle competition in a business in which the public has an interest, its restrictive provision concerning Sutton's right to continue in the same or similar business in the City of Clarksburg and vicinity was unenforceable. The complainant applied to this Court to grant the part of the injunction refused below and on August 1, 1946, this Court entered its mandate requiring the Circuit Court of Harrison County to include in the temporary injunction the re-

straint of Sutton's employment by the defendant bank and upon remand the circuit court on August 28, after permitting the filing of an amended answer, declined to dissolve the injunction required by the mandate of this Court because in its opinion it lacked the power so to do. On September 28, 1946, the Circuit Court of Harrison County vacated its order of August 28, dissolved the temporary injunction that this Court had awarded and entered its order declining to enjoin Sutton from pursuing his occupation as manager of the personal credit department of the bank, giving as its reason that the business conducted by the bank in its personal credit department was not the same or a similar business within the meaning of Sutton's contract with the complainant company and therefore was not included in the restrictive provisions thereof. It is from the latter order that this appeal was granted.

The case was submitted to the trial chancellor upon bill and original and amended answers, its final order containing the statement that the dissolution of the injunction concerning the employment of Sutton was not based upon the failure of the plaintiff to take proof.

The bill of complaint, after alleging that the plaintiff is engaged in the small loan business in the City of Clarksburg and elsewhere and has reduced the knowledge gained by it during its long experience to writings and forms of various sorts which it wishes to retain as trade secrets, alleges that in 1935 it employed Sutton as one of its outside representatives at Clarksburg; that he continued as such outside representative until October, 1939, when he was promoted to manager of the Clarksburg office and that on the first day of January, 1946, he was given a substantial increase in salary and, together with the complainant, executed the written contract filed as an exhibit with the bill of complaint. The contract contains provisions quoted verbatim in the bill of complaint from paragraphs 5, 6, 7 and 11, the general effect of which is as has already been stated. The bill of complaint continues by alleging that on February 1, 1946, as required by the

terms of the contract, Sutton gave notice of his resignation effective as of March 1 and on the twenty-eighth day of February left the plaintiff's service. The bill further alleges that a department of Lowndes Savings Bank and Trust Company is engaged in the business of making loans of less than five hundred dollars; that in direct violation of his contract with complainant, Sutton permitted employees of the bank to examine books, records, operating manuals and to gain information of a confidential nature by visiting his office while he was still employed by complainant, and that upon leaving complainant's employment and entering that of the bank on March 1, 1946, he took with him for the benefit of his employer, the bank, a dozen or more blank forms described in the bill of complaint. The bill of complaint alleges in detail a number of instances in which it contends that Sutton had planned to "raid" the business of complainant and the manner in which that was attempted by him. The prayer of the bill is to the effect that Sutton be prohibited, enjoined and restrained from delivering to his employer bank any of the printed matter or trade secrets described in the bill of complaint and be inhibited from continuing to engage in, prior to February 28, 1947, business the whole or any part of which is the lending of money in sums of five hundred dollars or less; that the defendant bank be enjoined from employing him as manager of its personal credit department or in any way that would constitute a violation of his contract with complainant.

The separate answer of Maxwell Y. Sutton admits the truth of the general allegations of the bill concerning his employment by the Household Finance Corporation, his resignation, and his employment, effective March 1, 1946, by Lowndes Savings Bank and Trust Company; it admits the use of several of the blank forms used in the business of the complainant but avers that the blank forms so used were substantially the same forms as those used by businesses of like kind throughout the State and denies that they were peculiar to complainant's method of transacting business and that they contained confidential business in-

formation of any nature; the answer denies that Sutton caused to visit the office of complainant, employees or officers of the defendant bank and there exhibited to them the books, records, operating manuals and other records of complainant; it admits that Sutton, while in the employ of the complainant, was given a document known as "General Instruction Manual of Household Finance Corporation" and alleges that the manual in question was delivered by Sutton to complainant's present supervisor and expressly denies that the manual contains confidential information and was delivered by him to respondent bank; the answer admits that Sutton had possession of the complainant's "customer list," but avers that that list has been destroyed and that it was not used by either Sutton or the bank; the answer alleges further that there has been no systematic solicitation by either Sutton or the bank of the business of the persons contained or listed in the complainant's list of customers, while admitting that a number of the complainant's customers have received loans from the bank's personal credit department in order to discharge their indebtedness to the complainant due to the fact that such loans could be procured at a much lower rate of interest than from the complainant; the answer alleges that it is not true that complainant's business has been seriously menaced by the possession by the bank or by Sutton of copies of any of the records, forms, manuals, customer information and other material of complainant. The answer expressly alleges that the defendant bank is not engaged in the small loan business, but is making loans at the rate of six per centum per annum plus a service charge of three per cent; that there are no peculiar trade secrets in the loan business; and denies that the respondent is prohibited by his contract from engaging in the business now being conducted by him for the defendant bank; but that if the court should be of the opinion that the nature of the business conducted by respondent for the bank is within the express terms of Sutton's contract with the complainant, that then Sutton contends that the contract is void for lack of consideration, lack of mutuality, uncertainty of area covered thereby and be-

cause it imposes an undue hardship on him and his family that will not be enforced in a court of equity.

The separate answer of Lowndes Savings Bank and Trust Company alleges that the loans made by it in its personal credit department are made under the banking laws of the State of West Virginia; that the department is not a small loan department but that it includes "a personal loan department" and "a consumer credit department," the loan department making loans up to one thousand dollars and the consumer credit department, which is not yet in operation, will have to do with the purchase of commercial paper; it avers that the bank had no information concerning Sutton's contract with complainant prior to Sutton's employment by the bank. The bank's answer denies that any of its officers had been to the complainant's office for the purpose of procuring information from its books, records, operating manuals or other records; it admits that two of its officers had gone there for the purpose only of inspecting the office furniture with a view to getting helpful suggestions concerning equipment only; the bank admits that certain blank forms such as those in general use by loan companies are being used by it in its personal credit department, but avers that like forms are reciprocally exchanged between concerns in a similar business and expressly denies that they are of a confidential nature; the answer denies expressly that it at any time received complainant's "customer list" and alleges that it is advised that the list has been destroyed and has never been used for the purpose of soliciting loans. The answer of the bank in considerable detail denies other allegations of the bill of complaint that we regard as being merely evidential, such as Sutton's statement concerning the invalidity of his contract with Household Finance Corporation and of his purpose to conduct a "raid" upon their business. The bank denies that the business of the complainant is seriously threatened by its employment of Sutton and expressly denies its possession or use of "trade secrets" of the complainant corporation.

It will be observed that the injunction awarded by the

Circuit Court of Harrison County on July 23, 1946, granted the prayer of the bill of complaint in part and declined it in part, and that plaintiff below, Household Finance Corporation, applied to this Court to enlarge the injunction granted by the Circuit Court of Harrison County so as to conform fully with the prayer of the bill of complaint or to have Sutton inhibited from engaging in a like occupation in the Clarksburg area and particularly to enjoin his employment by defendant bank. Neither Sutton nor Lowndes Savings Bank and Trust Company at that time nor since moved to dissolve the temporary injunction made effective by the order of July 23, 1946. That injunction is still in effect. It covers the disclosure of trade secrets by Sutton and the making use of the plaintiff's list of borrowers, customers list and business forms. Since the contract with the plaintiff prevented Sutton from engaging in a like business in the Clarksburg area for one year after his employment with the complainant had ceased, and since that employment was terminated on February 28, 1946, the question of actually inhibiting and enjoining Sutton's so doing, has now become moot. However, since the cause is still pending in the Circuit Court of Harrison County upon an undissolved temporary injunction, the question of damages prayed for in the complainant's bill is still before that court as ancillary to the principal relief prayed.

We do not agree with the finding of the Circuit Court of Harrison County upon the defendant's motion to dissolve the temporary injunction ordered by this Court on August 2, 1946. Its order states that it appears from the answer of the defendant, Maxwell Y. Sutton, filed on the twenty-third day of July, 1946, and from the allegations of the amended and supplemental answer filed by him on August 28, 1946, that the defendant bank is not engaged in the small loan business as contemplated by the Small Loan Act of West Virginia nor as contemplated by paragraph 6 of the contract between Household Finance Corporation and the defendant. The court's order goes on to state that the dissolution of the injunction, referring to that entered

by order of this Court entered on August 2, 1946, results in less injury to the plaintiff than its continuance would to the defendant.

The sixth paragraph of the contract with Household Finance Company provides that Sutton shall not within one year after his relationship is terminated "become interested, directly or indirectly" "* * * or in any manner or capacity whatsoever, in any business the whole or any part of which is the lending of money in sums of $500 or less." Its terms are not restricted to the small loan business, and if on final hearing the Circuit Court of Harrison County should find as a matter of fact that Sutton has breached his contract with Household Finance Corporation by accepting employment with defendant bank in a business in part engaged in the loaning of money in sums of five hundred dollars or less in the Clarksburg area within one year after his employment with the plaintiff was terminated, a decree should be entered in favor of the plaintiff for damages as defined by paragraph 12 of the contract of employment. If the injunction awarded by the Circuit Court of Harrison County on June 28, 1946, should be perpetuated, damages that resulted to the plaintiff by reason of the violation of its terms should also be considered, those incurred from and after its date not to be restricted by paragraph 12 of the contract of employment.

We are of the opinion that the rule in West Virginia, as enunciated in *The O. Hommel Co., Inc.* v. *Fink, et al.,* 115 W. Va. 686, 177 S. E. 619, concerning injunctive relief to enforce a restrictive covenant of a contract of employment is that generally recognized, the syllabus of that case reading:

> "A contractual covenant between employer and employee, restricting the employee from engaging in business similar to that of the employer within a designated time and territory after the employment should cease, will be enforced if the restriction is reasonably necessary for the protection of the employer and does not impose undue hardship on the employee."

See also 28 Am. Jur. 286, paragraph 94 et seq. The cases that favor the granting of injunctive relief in the absence of a restrictive covenant involve services of an exceptional character and are based upon the principle that a contract of employment covering a certain period by necessary implication includes an agreement not to perform the same services for another over the same period, it being thought unnecessary to covenant against doing what would be impossible if the terms of the contract were complied with. Here, of course, since the contract of employment expressly provides that it may be terminated at the election of either party on thirty days' notice, we are not confronted with that implication, but instead are considering a negative covenant.

Of course a small loan business of an identical kind would be, if within the same business area, competitive to the complainant's business. The covenant under consideration, however, has a broader scope and does not leave the question of what would be regarded as harmfully competitive within its contemplation open to doubt. It expressly defines the businesses that Sutton agrees not to engage in as being "any business the whole or any part of which is the lending of money in sums of $500 or less." This restriction especially applies to municipalities, here Clarksburg, or to the trade area in which the contracting employee shall have been employed at the time his employment with complainant ends and within six months prior to that date. Since both businesses involved are located within the City of Clarksburg, and being of the opinion that the clause of the contract fixing the territory to which its provision applies is severable as between municipalities and the trade area thereof, we are not here confronted with the necessity of defining the phrase "trade area." The restrictive covenant undoubtedly applied to the City of Clarksburg and we so hold.

As to the covenant's reasonableness under the rule of the *Fink* case, we have examined a number of cases from other jurisdictions found in the annotations 98 A. L. R. 963 and preceding annotations there cited and find no rea-

son to alter the principle therein laid down. We believe that the restriction here involved was reasonably necessary for the protection of the employer's business and that it imposes no undue hardship upon the employee. As to a possible hardship upon the employee, it is to be remembered that in this instance the employee voluntarily terminated his own employment or resigned. There is no imputation of bad faith on the part of the employer in that respect. If there were our holding on that phase of the matter could well be different. But in the case at bar we see no hardship brought upon the defendant Sutton unless it is that which resulted from his own lack of bona fides.

For the foregoing reasons the order of the Circuit Court of Harrison County entered September 28, 1946, will be reversed and the cause remanded for further proceedings in accordance with this opinion.

*Reversed and remanded.*