473 P.2d 179 (1970)
Edgar E. WAGNER, Plaintiff in Error,
v.
A & B PERSONNEL SYSTEMS, LTD., a Colorado corporation, Defendant in Error.
No. 70-291, Supreme Court No. 23932.
Colorado Court of Appeals, Div. I.
August 5, 1970.
Wormwood, Wolvington, Renner & Dosh, Charles M. Dosh, Charles Ginsberg, Denver, for plaintiff in error.
Harry L. Arkin, Denver, for defendant in error.
Not Selected for Official Publication.
SILVERSTEIN, Chief Judge.
This case was originally filed in the Supreme Court of the State of Colorado and subsequently transferred to the Court of Appeals under authority vested in the Supreme Court.
Defendant in error, A & B Personnel Systems (A & B) sued Wagner for an injunction and damages. A & B, a private employment agency operating in Denver had employed Wagner. The employment contract provided that upon Wagner's leaving A & B for any reason, "he shall not compete with Agency [A & B] for a period *180 of one (1) year after the effective date of termination of this Agreement within fifty (50) miles of any city in which Agency is doing business * * *."
Wagner left A & B after fifteen months and, within six weeks, opened an employment agency in Denver under the name of Atlas Personnel Directory. A & B brought this action to enjoin him from competing with it under the terms of the contract. It also asked for damages sustained by it for his breach of the agreement. Wagner denied in his answer that an injunction was proper and counterclaimed for damages of his own.
The trial court, after a hearing, issued a preliminary injunction enjoining Wagner "from competing with Plaintiff within 50 miles of the Western Federal Savings Building, located at Seventeenth and California Streets, Denver, Colorado until further order of Court." By stipulation of the parties, the provisions of this injunction were incorporated into a permanent injunction without further hearings to facilitate appeal and the claims for damages were reserved until after the validity of the injunction was determined by the appellate court.
The plaintiff's complaint asked for an injunction limited to the time period specified by the contract, viz., for one year from July 15, 1968, the date Wagner left A & B's employ. As issued, however, the injunction was to last "until further order of Court". This was improper because injunctive relief based on a contract must be coextensive with the terms of the contract. Fulton Irrigation Ditch Co. v. Twombly, 6 Colo.App. 554, 42 P. 253. After the expiration of the contractual period, the prohibition ceased to exist, rendering the injunction moot for purposes of appellate review. Sherman v. Pfefferkorn, 241 Mass. 468, 135 N.E. 568; Abalene Pest Control Service, Inc. v. Hall, 126 Vt. 1, 220 A.2d 717; Wedin v. Atherholt, 298 Mich. 142, 298 N.W. 483.
The unresolved issue of damages requires us to determine the validity of the injunction in the present case so the trial court may properly assess damages and costs even though the injunction is no longer effective.
The rule is well settled in Colorado that reasonable agreements not to compete will be enforced and that reasonableness will depend upon the facts in each case. Zeff, Farrington & Associates, Inc. v. Farrington, Colo., 449 P.2d 813. Restrictions in contracts which regulate competition, to be valid, must be reasonable, must not impose undue hardship, and must be no wider than necessary to afford the desired protection. Knoebel Mercantile Co. v. Siders, 165 Colo. 393, 439 P.2d 355.
In the present case, the trial court found from the evidence before it that these elements for validity were fully satisfied. We agree with its findings. As was noted in the Zeff, Farrington case, supra, our Supreme Court has upheld the enforceability of noncompetitive covenants in nine of the ten cases where that issue was presented: "This substantial precedent evinces the court's unwillingness to search out legal excuses for a wilful and deliberate violation of a reasonable covenant not to compete."
No objection was made to the provision in the injunction that it should continue "until further order of Court" and no error was asserted on that ground. Therefore, since the injunction was properly granted, Wagner is not entitled to damages, if any, resulting from its issuance even though it did not terminate by its terms within the one year period.
The issuance of the injunction is affirmed. The cause is remanded solely for determination of the issue of plaintiff's damages which was reserved by the trial court. Such determination to be in conformity with this opinion.
DWYER and DUFFORD, JJ., concur.