297 S.E.2d 840

**HELMS BOYS, INC.**

v.

**Larry J. BRADY.**

**No. 15328.**

Supreme Court of Appeals of
West Virginia.

Nov. 18, 1982.

David M. Katz, Katz, Kantor, Katz, Perkins & Cameron, Bluefield, for appellee.

John R. Frazier, Frazier & Schumacher, Princeton, for appellant.

McHUGH, Justice:

This is an appeal from the final order of the Circuit Court of Mercer County enjoining the appellant, Larry J. Brady, (hereinafter "Brady"), from engaging in the retail furniture and appliance business for five years and ordering him to divest his stock interest in an existing business. The circuit court issued the injunction upon the petition of the appellee, Helms Boys, Inc., (hereinafter "Helms"), which asserted in the proceeding below that Brady had violated a covenant not to compete contained in his employment contract with Helms. Brady contends that the restrictive covenant is unreasonable and unsupported by consideration rendering it unenforceable. This Court has before it the petition for appeal, all matters of record and the briefs and argument of counsel.

Helms is a West Virginia corporation selling home furnishings and appliances. Its principal places of business are Bluefield, West Virginia, and Richlands, Virginia. Brady has been a furniture and appliance salesman for most of his adult life. He was originally employed by Helms in December, 1970, as a truck driver but in October of 1971, he was promoted to the position of salesman.

On October 8, 1974, Brady entered into a written employment agreement with Helms. This agreement contained a restrictive covenant providing that:

[I]n the event Employee either ceases his employment voluntarily or is discharged by the Employer with or without cause, Employee agrees that he (she) will not thereafter become employed, either directly or indirectly, by any other retail or wholesale furniture or appliance business, either as an Employee, stockholder, manager, owner or any other capacity, for a period of 5 years from the date Employee ceases said employment, and within a radius of 100 miles of Bluefield (Princeton).

As part of the consideration for this contract, Helms stated that it would train Brady and familiarize him with the operation of the business.

In 1975, Helms named Brady manager of its newly-opened satellite store in Richlands, Virginia. Brady retained this position until October 6, 1980, when he resigned to purchase a donut shop. In 1981, Brady began working for Bluewell Home Furnishings, Inc., a retail furniture store, in Bluewell, West Virginia, a town approximately five miles from Bluefield, West Virginia. Shortly thereafter he acquired 25% of the stock in that business.

Helms then instituted this action to enforce the restrictive covenant contained in Brady's contract of employment. The circuit court found the employment agreement to be valid, binding and supported by adequate consideration. It determined that Brady's relationship with Bluewell violated his agreement with Helms and, accordingly, granted the injunction prayed for in the complaint.

On appeal, Brady contends that the covenant not to compete is unreasonable in that the skills he acquired while employed by Helms were not protectible business interests. He further asserts that the covenant is unreasonable because it "is oppressive in curtailing his legitimate efforts to earn a livelihood" and contrary to public policy. Brady also contends that the restrictive covenant in his employment contract with Helms is not supported by adequate consid-

eration. We agree that the restrictive covenant is unreasonable inasmuch as Helms has not demonstrated that the skills acquired by Brady were protectible business interests.*

■ As this Court stated in the syllabus in *O. Hommel Co., v. Fink,* 115 W.Va. 686, 177 S.E. 619 (1934):

A contractual covenant between employer and employee, restricting the employee from engaging in business similar to that of the employer within a designated time and territory after the employment should cease, will be enforced if the restriction is reasonably necessary for the protection of the employer and does not impose undue hardship on the employee.

This Court has not had occasion to define a protectible employer interest but has enforced restrictive covenants when the interest is of a unique or confidential nature, such as a trade secret or customer list.

In *Fink, supra,* two salesmen with access to their employer's data, formula and processes left their employment and established a business identical to that of their former employer. The employer was one of only five businesses in the United States that manufactured its specific product. In addition, the employer conducted chemical research for the improvement of its product to which the former employees had access. This Court held that the information taken by the defendants constituted a trade secret and could be protected by a restrictive covenant. 115 W.Va. at 689, 177 S.E. at 621. Similarly, in *Household Finance Corp. v. Sutton,* 130 W.Va. 277, 43 S.E.2d 144 (1947), this Court held that the use by a former bank employee of a customer list warranted enforcement of a restrictive covenant. The Court stated in *Sutton* that the enforcement of the contract provision imposed no hardship on the employee and was "reasonably necessary for the protection of the employer's business...." 130 W.Va. at 287, 43 S.E.2d at 149. Thus, it must be determined if the interests Helms was seeking to protect are akin to a trade secret or customer list.

---

* Since we find the restrictive covenant to be unreasonable, it is unnecessary to reach the consideration issue. *See Environmental Prod-* *ucts, Co., Inc. v. Duncan,* 168 W.Va. 349, 285 S.E.2d 889 (1981); *Pemco Corp. v. Rose,* 163 W.Va. 420, 257 S.E.2d 885 (1979).

Another court has had occasion to pass upon facts similar to the case before us. In *Slisz v. Munzenreider Corp.* Ind.App., 411 N.E.2d 700 (1980), the defendant, Slisz, was given on-the-job training to prepare him for the management of a furniture store. Slisz's training included instruction in advertising, merchandising, salesmanship, bookkeeping, and other general managerial skills. Slisz's employment contract contained a restrictive covenant in which he promised not to engage in any business competitive with that of the employer for two years following the termination of his employment. After approximately five years of employment, Slisz left his original employer and opened his own retail furniture business in direct contravention of the restrictive covenant. Munzenreider, the plaintiff, sought injunctive relief against Slisz alleging that he was using price schedules, advertising materials and other skills acquired from their relationship in violation of the employment contract.

The Court of Appeals of Indiana held that the business information acquired by Slisz while on the job did not constitute confidential or secret information protectible by a restrictive covenant and refused to enforce it. The court in *Slisz* stated the general rule that "an employee signing a restrictive covenant not to compete is entitled to utilize the general skills he has acquired in performing his job, and can only be prevented from doing so under circumstances where their use adverse to his employer would result in irreparable injury." 411 N.E.2d at 704, citing, *Donahue v. Permacel Tape Corp.*, 234 Ind. 398, 127 N.E.2d 235 (1955). As to the furniture store situation, the Court concluded that:

[T]here was no evidence to support the allegations by Munzenreider that Slisz utilized, or even had access to, any confidential or secret information, or that the particular employment of Slisz otherwise created a 'protectible interest' in Munzenreider so as to reasonably warrant the covenant in question, or any covenant not to compete.

411 N.E.2d at 708.

We agree with the reasoning in *Slisz* and hold that the restrictive covenant contained in the employment contract between Brady and Helms is not enforceable inasmuch as Helms has not demonstrated a "protectible interest" in the nature of a trade secret or customer list.

In this case, the record does not indicate that Brady acquired any information which might be characterized as confidential or unique to Helms. It does show that Brady learned the skills of managing a furniture store. The record establishes that he attended various furniture market exhibitions at which he became acquainted with industry representatives. In addition, Brady undertook the advertising duties at the Richlands, Virginia store. These are all skills which Helms claims should be protected by the restrictive covenant. Helms does not show, however, that these skills could not have been acquired at any business, furniture or otherwise. When the skills and information acquired by a former employee are of a general managerial nature, such as supervisory, merchandising, purchasing and advertising skills and information, a restrictive covenant in an employment contract will not be enforced because such skills are not protectible employer interests.

Accordingly, the judgment of the Circuit Court of Mercer County is hereby reversed and the injunction dissolved.

Reversed.