351 S.E.2d 604

Charles HARRISON

v.

The CABELL COUNTY BOARD
OF EDUCATION etc., et al.

No. 16885.

Supreme Court of Appeals of
West Virginia.

Dec. 9, 1986.

Charles M. Kincaid, Huntington, William
McGinley, West Va. Educ. Ass'n, Charleston, for appellant.

James A. Colburn, Huntington, for appellee.

PER CURIAM:

This is an appeal by the appellant, Charles Harrison, from a decision of the Circuit Court of Cabell County which upheld the denial of the appellant's grievance against the Cabell County Board of Education challenging the Board's selection of another applicant to fill the position of guidance counselor at the Cabell County Vocational Center. The appellant contends that the circuit court erred in failing to remand the case to the Board for a full evidentiary hearing on the issue of his qualifications for the position. We find that the issue is now moot, and we dismiss the appeal.

The appellant was employed by the Cabell County Board of Education as a guidance counselor at Barboursville High School. In 1981, the appellant applied for the position of guidance counselor at the county vocational center, a new facility scheduled to open in the fall of 1981. On August 4, 1981, Dee Cook, a person theretofore not employed by the Board, was hired to fill the position.

The appellant filed a timely grievance protesting the Board's decision to hire Ms. Cook on the ground that he was more qualified to fill the position. A hearing was conducted before the Board on October 19, 1981 at which much of the evidence concerned the qualifications of the applicants for the job. On November 3, 1981, the Board denied the grievance. The appellant appealed this ruling to the State Superintendent of Schools, who, by decision dated December 2, 1982, found no abuse of discretion on the part of the Board and affirmed their decision.

Although the record is not clear, it appears that in March 1983, the appellant filed petitions for a writ of certiorari in the circuit courts of both Cabell and Kanawha Counties. In August 1983, the Circuit Court of Kanawha County dismissed the proceedings pending before it upon motion of the appellant and ordered the record transferred to the Circuit Court of Cabell

County. Nothing further appears to have been done, however, until May 1984, when the appellant filed a motion to remand the case to the Board for further evidentiary hearings. Although initially assigned a separate docket number, this motion was subsequently combined with the appellant's 1983 certiorari petition.

On August 27, 1984, the circuit court issued its ruling affirming the decision of the State Superintendent and dismissing the appellant's action. The court adopted the findings of fact of the Superintendent and held that the appellant had failed as a matter of law to establish sufficient legal grounds for certiorari.

In this appeal, the appellant's principal contention is that the Board unduly restricted him in his presentation of evidence and that he is therefore entitled to remand the case for further evidentiary hearings. It appears, however, that during the pendency of this proceeding the position in question was abolished and that Ms. Cook was transferred to another position at Milton High School. The appellant remains in his position at Barboursville High School.

Since there is no longer a guidance counselor position to be filled at the Cabell County Vocational Center, it appears that remanding the case for an evidentiary hearing to determine the purely factual question of whether the appellant was more qualified for that position would be an exercise in futility. " 'Moot questions or abstract propositions, the decision of which would avail nothing in the determination of controverted rights of persons or property are not properly cognizable by a court.' Syllabus Point 1, *State ex rel. Lilly v. Carter*, 63 W.Va. 684, 60 S.E. 873 (1908)." Syllabus point 1, *State ex rel. Darkin v. Neely*, 166 W.Va. 311, 276 S.E.2d 311 (1981).

For the foregoing reasons, this appeal is dismissed as moot.

*Appeal dismissed.*