382 S.E.2d 499

**MOORE BUSINESS FORMS, INC.**

v.

**William J. FOPPIANO.**

**No. 18199.**

Supreme Court of Appeals of West Virginia.

Feb. 17, 1989.

---

Lewis A. Clark, Kathryn A. Kersting, Jones, Williams, West & Jones, Clarksburg, for William J. Foppiano.

James A. Varner, Robert W. Trumble, McNeer, Highland and McMunn, Clarksburg, for Moore Business Forms.

PER CURIAM:

This is an appeal from a final order of the Circuit Court of Harrison County, entered August 28, 1987, which granted an injunction preventing the defendant below, William J. Foppiano, from engaging in the business of selling business forms in a nine-county area of north central West Virginia for a period of two years. The circuit court found that such activity violated a covenant not to compete contained in the defendant's employment contract with his former employer and the plaintiff below, Moore Business Forms, Inc. (hereinafter Moore). The defendant contends that the restrictive covenant is unreasonable and unenforceable. We agree, and we reverse the judgment of the circuit court.

Moore is a Delaware corporation engaged in the business of manufacturing and selling business forms and related products. In October, 1972, Moore hired the defendant as a sales representative. The defendant had previously worked as a warehouse manager in a family business for approximately three years.

Moore initially sent the defendant to a two- or three-week training school, where he was familiarized with the company's product line and instructed in sales techniques. The defendant was then assigned to accounts in a sales area in north central West Virginia which included Harrison County. The defendant initially spent about one half of his time making sales calls and the other half working closely with a supervisor learning office procedures. In addition, the defendant received on-the-job training in designing customized forms for Moore's clients. As the defendant gained experience, Moore gradually reduced the amount of office supervision. From time to time, the defendant attended company seminars and meetings designed to familiarize sales representatives with new products and to provided additional sales training.

In December, 1981, Moore required all sales representatives to sign a written employment contract. The agreement provided that for a period of two years following the termination of employment, the employee would not sell business forms to any customer from whom he had solicited orders on behalf of Moore or in any sales territory in which he had worked as Moore's representative for the year immediately preceding the termination of employment.[1] The defendant signed the agreement without protest.

---

1. Paragraph 3 of the agreement provided, in pertinent part:

"b. For the period of *two years* following the termination or cessation of your employment (for whatever reason or no reason and whether such termination or cessation occurs at your instance or at the instance of the COMPANY), you will not, without the prior written consent of the COMPANY, directly or indirectly on your own behalf, or on behalf of anyone else, engage in any of the following activities with respect to any product or service sold by the COMPANY at any time during your employment by the COMPANY or any product or service similar to, competitive with, or intended to compete with any such product or service:

"1. Sell, manufacture, distribute, or solicit orders for any such product or service in any sales territory in which you acted as a sales representative of the COMPANY at any time during *one year* preceding the termination or cessation of your employment or engage in any such activities in any area where they result in or involve the shipment or delivery of such product to, or performance of such service in, any sales territory in which you acted as a sales representative of the COMPANY at any time during such one year period.

On May 16, 1986, the defendant left Moore's employ. Shortly thereafter, he opened his own business in Clarksburg, Harrison County, and began selling business forms and related products pursuant to a franchise agreement with another business forms manufacturer. It is uncontested that the defendant solicited orders from and sold products to former Moore customers. Moore within the geographical area that had been his sales territory in the last year of his employment with Moore. At the time of trial, former Moore customers, both solicited and unsolicited, accounted for approximately 50 percent of the defendant's sales.

In February, 1987, Moore instituted suit seeking compensatory damages for the defendant's alleged breach of the covenant not to compete contained in the employment agreement and an injunction to prohibit him from engaging in similar activities in the future. A hearing on Moore's entitlement to injunctive relief was conducted on August 18, 1987. By order dated August 28, 1987, the court ruled that the defendant had violated the anticompetitive clause of the employment agreement and enjoined him from engaging in a similar business until May 16, 1988.[2]

■■■■ The defendant contends on appeal that the restrictive covenant contained in the employment contract was invalid and unenforceable. The general rule with respect to enforcement of such covenants not to compete is well settled in this jurisdiction, as stated in the Syllabus of *O. Hommel Co., Inc. v. Fink*, 115 W. Va. 686, 177 S.E. 619 (1934):

"A contractual covenant between employer and employee, restricting the employee from engaging in business similar to that of the employer within a designated time and territory after the employ-

ment should cease, will be enforced if the restriction is reasonably necessary for the protection of the employer and does not impose undue hardship on the employee."

See *Pancake Realty Co. v. Harber*, 137 W. Va. 605, 73 S.E.2d 438 (1952); *Household Fin. Corp. v. Sutton*, 130 W.Va. 277, 43 S.E.2d 144 (1947). To obtain enforcement of an anticompetitive covenant in an employment agreement, the employer must demonstrate that he has an interest which must be protected from unfair appropriation by former employees. *Reddy v. Community Health Found. of Man*, 171 W. Va. 368, 298 S.E.2d 906 (1982); *Helms Boys, Inc. v. Brady*, 171 W. Va. 66, 297 S.E.2d 840 (1982). The most commonly asserted protectible employee interests are: (1) skills the employee acquired in the course of employment; (2) confidential or unique information, such as trade secrets or customer lists, and (3) the good will of the employer. *Reddy v. Community Health Found. of Man*, 171 W. Va. at 374, 298 S.E.2d at 912.

■■■■ In the case at bar, we do not believe that the employer has met its burden of demonstrating a legitimate business interest warranting the protection of the restrictive covenant. The evidence did not show that Moore provided the defendant with any unique or specialized training in the course of his employment. We have stated in the Syllabus of *Helms Boys, Inc. v. Brady*, *supra*:

"When the skills and information acquired by a former employee are of a general managerial nature, such as supervisory, merchandising, purchasing and advertising skills and information, a restrictive covenant in an employment contract will not be enforced because

---

"2. Solicit, sell or contract, with a view to selling any such product or service, any person, firm, or corporation from whom you solicited any order or to whom you sold any product or service or otherwise dealt with on behalf of the COMPANY at any time during the *one year* preceding termination or cessation of your employment with the COMPANY." (Emphasis in original).

**2.** Although the injunction would have expired several months before our decision in this case, the record shows that Moore's claim for compensatory damages is still pending before the circuit court. Accordingly, the issues presented in this appeal have not been rendered moot by the expiration of the injunctive period. *See Household Fin. Corp. v. Sutton*, 130 W. Va. 277, 43 S.E.2d 144 (1947).

such skills and information are not protectible employer interests."

Moreover, it appears that Moore had more than recouped the value of its investment in the defendant's training in the almost fourteen years of his employment. *See Reddy v. Community Health Found. of Man,* 171 W. Va. at 375, 298 S.E.2d at 913–14.

Nor did Moore prove that the defendant's access to "confidential information," such as knowledge of product prices, customer lists, customer reorder cycles, customer inventory rooms, and company profit margins, constituted a protectible employer interest. The testimony below indicated that it would have been impossible for an employee to memorize the vast amount of information Moore considered confidential[3] and that the defendant took none of Moore's publications, such as its product list or price book, with him when he left the company. Moreover, virtually all of the information Moore considered confidential either was available to other employees, including the defendant's successor, through the company's own publications or was ascertainable by independent sources. In such circumstances, this information was not subject to protection by the restrictive covenant. *See Appalachian Laboratories, Inc. v. Bostic,* 178 W.Va. 386, 359 S.E.2d 614 (1987).

Finally, Moore failed to demonstrate that the defendant appropriated the "good will" of his former employer. The evidence indicates that it was the defendant's efforts, rather than Moore's reputation, which induced former clients to do business with the defendant. Indeed, it appears that a number of Moore's former clients initiated contact with the defendant upon learning that he had left Moore's employ. In such circumstances, we cannot say that the evidence demonstrates a protectible employer interest.

In summary, we conclude that while the defendant may have been a highly valued employee, the evidence does not establish that his services, skills, or knowledge were of such a specialized or unique nature as to justify enforcement of the covenant not to compete. Accordingly, we hold that the circuit court was clearly wrong in granting judgment in favor of the employer.

The judgment of the Circuit Court of Harrison County is, therefore, reversed, and the case is remanded to that court for further proceedings not inconsistent with the principles enunciated herein.

Reversed and remanded.

McGRAW, J., participated and concurred in this decision, but departed from the Court prior to the preparation of the opinion.

WORKMAN, J., did not participate in the consideration or decision of this case.

---

**3.** The employment agreement provided that Moore considered "any information obtained by you concerning the customers of the COMPANY or its business, products, techniques, methods, systems, pricebooks, plans, or policies" confidential and prohibited the use of such information for any purpose other than in furtherance of Moore's interests.