387 S.E.2d 130

**STANDARD HYDRAULICS, INC.**

v.

**Gary Paul KERNS.**

**No. 18863.**

Supreme Court of Appeals of West Virginia.

Nov. 21, 1989.

Gregory W. Sproles, Breckinridge, Davis, Null & Sproles, Summersville, George S. Bennett, Kay, Casto & Chaney, Charleston, for Gary Paul Kerns.

Christopher S. Smith, Eugene R. Hoyer, Hoyer, Hoyer and Smith, Charleston, for Standard Hydraulics, Inc.

PER CURIAM:

In this appeal from an order of the Circuit Court of Nicholas County, this Court is asked to decide whether the lower court erred in granting an injunction enforcing a covenant not to compete in an employment contract entered into between the plaintiff below, Standard Hydraulics, Inc. (Standard), and the defendant below, Gary Paul Kerns. Since the time period specified in the restrictive covenant has expired, we find that the question of whether the lower court should have granted an injunction has become moot.

Mr. Kerns began his employment with Standard in 1964 as a shop manager in Craigsville, West Virginia. In October, 1972, Standard promoted Mr. Kerns to vice president, and the parties executed an employment agreement dated October 6, 1972. The employment agreement contained a restrictive covenant which provided:

"KEARNS [*sic*] will not directly or indirectly engage in any activity or acquire any interest adverse to or in competition with the business of STANDARD, within the territorial limits of the States of West Virginia, Ohio, Pennsylvania, Virginia and Kentucky, and between the day immediately following the date of any termination of his employment and the end of five years immediately following such termination, irrespective of the basis for any such termination."

Mr. Kerns continued to work for Standard for approximately twelve years. In

May, 1984, Mr. Kerns left his employment with Standard. Shortly thereafter, Mr. Kerns accepted a managerial position with Craigsville Electric & Machine Co., Inc. (CEMCO).

In April, 1985, Standard filed a complaint against Mr. Kerns alleging that he had violated the covenant not to compete because CEMCO was engaged in the hydraulics business in direct competition with Standard. Standard sought damages from Mr. Kerns or, in the alternative, an injunction enjoining him from engaging in the business of developing, manufacturing, repairing, maintaining, and selling hydraulic components and allied goods to the mining industry within the territorial limits and for the five year time period specified in the restrictive covenant.

On March 20, 1986, Standard moved to enjoin Mr. Kerns from engaging in the hydraulic repair business. The trial court denied Standard's motion on the grounds that Mr. Kerns was only performing incidental repairs on hydraulic components and that Standard had a sufficient remedy at law for damages. On July 21, 1987, Mr. Kerns filed a motion for summary judgment. The trial court denied Mr. Kerns's motion on the ground that outstanding material issues of fact existed.

On October 28, 1988, Standard renewed its motion for an injunction and asserted that evidence obtained during discovery revealed that Mr. Kerns was engaged in the hydraulic business on more than an incidental basis. The trial court orally granted the motion. On November 7, 1988, the trial court conducted a hearing on Standard's motion for a written order confirming its oral ruling made at the hearing on October 28, 1988. The defendant objected to the entry of the proposed order. The trial court did not enter a written order.

On November 18, 1988, Mr. Kerns brought a motion to dissolve the injunction. The trial court denied the motion, and Mr. Kerns appealed. On December 20, 1988, we granted a stay of the injunction.

█ Injunctive relief based on a contract must be coextensive with the terms of the contract. *Wagner v. A & B Personal*

*Sys., Ltd.*, 473 P.2d 179 (Colo.App.1970); *People ex rel. Hafer v. Flynn*, 14 Ill. App.2d 301, 144 N.E.2d 747 (1957); *Cherne Indus., Inc. v. Grounds & Associates, Inc.*, 278 N.W.2d 81 (Minn.1979). Therefore, if the restrictive period of the covenant not to compete has expired, the issue of whether or not an injunction should be granted to enforce the covenant becomes moot. *Sav–A–Stop, Inc. v. Rich*, 224 Ga. 354, 162 S.E.2d 318 (1968); *Nationwide Mut. Ins. Co. v. Hart*, 73 Md.App. 406, 534 A.2d 999 (1988); *Sherman v. Pfefferkorn*, 241 Mass. 468, 135 N.E. 568 (1922); *Wedin v. Atherholt*, 298 Mich. 142, 298 N.W. 483 (1941); *Benco Int'l Importing Corp. v. Krooks*, 53 A.D.2d 536, 384 N.Y.S.2d 460 (1976); *Abalene Pest Control Serv., Inc. v. Hall*, 126 Vt. 1, 220 A.2d 717 (1966); *Elcor Chem. Corp. v. Agri–Sul, Inc.*, 494 S.W.2d 204 (Tex.Civ.App.1973); *Hallmark Personnel Agency, Inc. v. Jones*, 207 Va. 968, 154 S.E.2d 5 (Va.1967); *National School Studios v. Superior School Photo Serv.*, 40 Wash.2d 263, 242 P.2d 756 (1952).

We adopted a similar rule in *Household Fin. Corp. v. Sutton*, 130 W.Va. 277, 43 S.E.2d 144 (1947). In that case, a finance company sought an injunction to prevent Sutton from working as the manager of a bank's personal credit department for a period of one year following his resignation from his employment with the finance company. The complaint alleged that Sutton was violating a restrictive covenant contained in his employment contract with the finance company. The trial court granted the injunction. On appeal, we held that since the period during which Sutton was contractually prohibited from engaging in a like business had elapsed, the question of enjoining his employment with the bank "has now become moot." 130 W.Va. at 284, 43 S.E.2d at 147. We further held that since the cause was still pending in the trial court upon an undissolved temporary injunction, the question of damages was still before that court. 130 W.Va. at 284, 43 S.E.2d at 148.

█ Our well established law regarding moot issues is stated in Syllabus Point 1 of

*State ex rel. Lilly v. Carter,* 63 W.Va. 684, 60 S.E. 873 (1908):

"Moot questions or abstract propositions, the decision of which would avail nothing in the determination of controverted rights of persons or of property, are not properly cognizable by a court." [1]

*See also* Syllabus, *Harrison v. Cabell County Bd. of Educ.,* 177 W.Va. 256, 351 S.E.2d 604 (1986); Syllabus Point 1, *State ex rel. Durkin v. Neely,* 166 W.Va. 553, 276 S.E.2d 311 (1981); Syllabus Point 3, *State ex rel. Capitol Business Equip., Inc. v. Gates,* 155 W.Va. 64, 180 S.E.2d 865 (1971); Syllabus, *State ex rel. Titus v. Marsh,* 150 W.Va. 143, 144 S.E.2d 433 (1965); Syllabus Point 1, *Orwasky v. Chuma,* 148 W.Va. 349; 135 S.E.2d 248 (1964).

Here, the restrictive period of the covenant not to compete expired in May, 1989, and the issue of whether the trial court should have granted an injunction has become moot. Accordingly, the appeal is dismissed.[2]

Appeal dismissed.

[1] This is not a situation where the issue is of significant public interest or is capable of recurring at the trial court level, but evades appellate review because of its fleeting and determinate nature. *See State ex rel. M.C.H. v. Kinder,* 173 W.Va. 387, 317 S.E.2d 150 (1984). Furthermore, Standard was aware that Mr. Kerns had left its employ in May, 1984, and had been hired by CEMCO in the same small community. Standard did not file suit on the restrictive covenant until April, 1985, or move for injunctive relief until March, 1986, approximately twenty-two months after Mr. Kerns had left its employ.

It was not until October 28, 1988, almost four and one-half years after Mr. Kerns' departure, that Standard was able to muster enough evidence through discovery to convince the trial court to award a temporary injunction.

[2] Although the restrictive period of the covenant expired, rendering the injunction moot for appellate review, the damages issue pending before the trial court is not rendered moot. *See Moore Business Forms, Inc. v. Foppiano,* 181 W.Va. 305, 382 S.E.2d 499 (1989); *Household Fin. Corp. v. Sutton, supra.*