# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Special Services Bureau, Inc.,**
**Petitioner**

**vs)  No. 18-0478** (Berkeley County 17-C-256)

**Stacey Elizabeth Friend a/k/a Stacey Vollmerhausen,**
**Respondent**

**FILED**

**September 9, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Special Services Bureau, Inc., by counsel Gregory E. Kennedy and Landon S. Moyer, appeals the order of the Circuit Court of Berkeley County, entered on April 25, 2018, denying its motion for declaratory judgment to enforce the covenant not to compete clause of its employment contract with Respondent Stacey Friend. Ms. Friend appears by counsel Paul G. Taylor.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

Special Services Bureau is a corporation authorized to write bail bonds in various counties in West Virginia and Maryland. Ms. Friend, a Maryland resident, entered into an employment contract with Special Services Bureau in 2008, under which she agreed to work exclusively as Special Service Bureau's bail bondsman, and further agreed that she would not work as a bail bondsman within 100 miles of any Special Services Bureau location for five years after termination of the contract unless she effected a buyout by a $100,000 payment. Ms. Friend terminated the employment contract in 2017, and posted bond on behalf of Special Services Bureau's competitor soon after. She did not make the payment of $100,000 to Special Services Bureau.

Special Services Bureau filed a complaint for declaratory judgment and preliminary injunctive relief, asking the circuit court for a determination that Ms. Friend violated her contractual covenant not to compete. The circuit court conducted a hearing on the preliminary injunction question, requested proposed findings of fact and conclusions of law from the parties, and ultimately entered an order, on April 25, 2018, denying Special Service Bureau's request for declaratory judgment. Prior to entering that order, the circuit court entered an agreed order, on December 5, 2017, reflecting that the parties agreed that the circuit court could determine the validity of the contract "upon the submission of the briefs."

1

In its order denying declaratory judgment, the court found that Special Services Bureau had shown no "protectable employer interest" to justify the covenant signed by Ms. Friend, because Special Services Bureau had not imparted Ms. Friend with unusual or unique skills during the term of her employment with it. The court also noted that the employment contract did not contain a similar penalty to address any contract termination by the employer. The basis for the court's order was derived from Special Service Bureau's proposed findings of fact, because Ms. Friend failed to file her proposed findings of fact and conclusions of law in a timely manner and, after they were untimely filed, the court ordered them stricken upon the motion of Special Services Bureau.

On appeal, Special Services Bureau asserts four assignments of error. It argues that the circuit court erred in: finding that Special Services Bureau "had no protectable employer interest" to support the covenant not to compete; making "clearly erroneous" findings of fact; "failing to rule on the reasonableness of the covenant not to compete;" and by failing to conduct an evidentiary hearing prior to ruling. These issues relate to the circuit court's denial of the petition for declaratory judgment. "[A] circuit court's ultimate resolution in a declaratory judgment action is reviewed *de novo*; however, any determinations of fact made by the circuit court in reaching its ultimate resolution are reviewed pursuant to a clearly erroneous standard." *Cox v. Amick*, 195 W. Va. 608, 612, 466 S.E.2d 459, 463 (1995).

Special Service Bureau's first assignment of error is that the circuit court erred in finding that it had not established a protectable interest to justify enforcement of the covenant not to compete. The court so found upon consideration of our principle that "[a]n inherently reasonable restrictive covenant is presumptively enforceable in its entirety upon a showing by the employer that he has interests requiring protection from the employee." Syl. Pt. 3, *Reddy v. Cmty. Health Found. of Man*, 171 W. Va. 368, 298 S.E.2d 906 (1982). The court also based its finding on consideration of the following holding:

> When the skills and information acquired by a former employee are of a general managerial nature, such as supervisory, merchandising, purchasing and advertising skills and information, a restrictive covenant in an employment contract will not be enforced because such skills and information are not protectable employer interests.

*Syllabus, Helms Boys, Inc. v. Brady*, 171 W. Va. 66, 297 S.E.2d 840 (1982). And these are precisely the types of skills that the circuit court found Ms. Friend to have acquired during her tenure with Special Services Bureau, based on Special Service Bureau's representation in briefing that Ms. Friend was trained to

> respond to calls within 20 minutes, own a cell phone, digital camera, and fax machine, attend all show cause, forfeiture, and any other hearings requiring attendance, require all persons on bond to call in on a monthly basis, payments collected weekly for accounts that had premiums extended on credit, and ensure that all bail contracts are completely filled out within a week.

2

Special Services Bureau argues that the "record" is "replete with specific facts that establish a proper basis for the protection of [its] business interest[,]" but we find that the above description adequately encompasses the facts as they were proffered to the circuit court. The circuit court's findings of fact were, therefore, not clearly erroneous, and we find no error.

Special Service Bureau's second assignment of error, that the circuit court made "unsupported findings of fact" is based on its assertion that Ms. Friend (whose proposed findings of fact were stricken from the court's consideration) failed to offer evidence rebutting the evidence presented by Special Service Bureau. The absence of facts proffered by Ms. Friend, however, does not render those proffered by Special Services Bureau free from scrutiny. The circuit court received Special Service Bureau's proffer and resolved the legal question presented on the basis of the facts stated by Special Service Bureau. The circuit court's treatment thus fulfilled the purpose of declaratory judgment, which we have explained

> is to avoid the expense and delay which might otherwise result, and in securing in advance *a determination of legal questions* which, if pursued, can be given the force and effect of a judgment or decree without the long and tedious delay which might accompany other types of litigation.

*Harrison v. Town of Eleanor*, 191 W. Va. 611, 615, 447 S.E.2d 546, 550 (1994) (quoting *Crank v. McLaughlin*, 125 W. Va. 126, 133, 23 S.E.2d 56, 60 (1942)). We find no error.

We momentarily bypass our consideration of the third assignment of error because we find Special Service Bureau's fourth assignment of error, charging that the circuit court erred in failing to conduct a hearing on the petition for declaratory judgment prior to denying the petition, unpersuasive for reasons similar to those stated in the preceding discussion. The basis for Special Service Bureau's argument concerning its fourth assignment of error is that the West Virginia Uniform Declaratory Judgment Act mandates that "[w]hen a proceeding under this article involves the determination of an issue of fact, such issue may be tried and determined in the same manner as issues of fact are tried and determined in other civil actions in the court in which the proceeding is pending." W. Va. Code § 55-13-9. What this means is that "any issue triable by a jury as a matter of right in other civil actions cognizable by the circuit courts shall, upon timely demand in a declaratory judgment proceeding, be tried to a jury." *Mountain Lodge Ass'n v. Crum & Forster Indem. Co.*, 210 W. Va. 536, 545, 558 S.E.2d 336, 345 (2001). We note, first, that Special Services has not directed our attention to any portion of the appendix record on appeal, and, second, that the complaint for declaratory judgment made no demand for a jury trial.[1] More importantly, as demonstrated above, the court based its order denying relief on the facts as they were proffered by

---

[1] Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure provides, in part:

> The argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal. The Court may disregard errors that are not adequately supported by specific references to the record on appeal.

Special Services Bureau, after the entry of an agreed order contemplating submission of the question for consideration upon the submission of briefs. We find no error in this regard.

Finally, we turn back to Special Service Bureau's third assignment of error, wherein it argues, generally citing *Reddy*, that the circuit court erred because it did not consider whether the covenant was reasonable on its face. Special Services Bureau characterizes the reasonableness inquiry as one prong of a two-prong guideline, with the second being whether the employer has interests that require protection. As such, and the circuit court having found that Special Services Bureau had no interest in jeopardy, we find that the circuit court did not err. The circuit court's consideration of the reasonableness of the covenant was not necessary after the court found that the covenant failed on other grounds.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** September 9, 2019

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison

4