STATE *ex rel.* PAUL TITUS

*v.*

WM. I. MARSH, JUSTICE OF THE PEACE
OF LEWIS COUNTY, WEST VIRGINIA

(No. 12500)

Submitted September 21, 1965.    Decided October 19, 1965.

*Linn Mapel Brannon,* for relator.

*C. Donald Robertson,* Attorney General, *Leo Catsonis,*
Assistant Attorney General, for respondent.

HAYMOND, JUDGE:

In this original mandamus proceeding instituted in this
Court September 2, 1965, the petitioner, Paul Titus, seeks
a writ to require the defendant, Wm. I. Marsh, Justice of
the Peace of Lewis County, West Virginia, to set aside an
order made by him on August 30, 1965, which committed
the petitioner to the Lewis County jail because of his refusal
to pay the justice the sum of $2.00 demanded by him for
preparing an appeal bond or recognizance in connection
with the application of the petitioner for an appeal from
the judgment of the justice which found him guilty of the
offense of having been intoxicated in a public place in
Lewis County, West Virginia, and imposed a fine of $10.00
and costs in the amount of $7.00.

Upon the petition and its exhibits this Court issued a rule
returnable before this Court September 21, 1965. Upon
the return day of the rule this proceeding, together with a

habeas corpus proceeding instituted by the petitioner against Gerald L. Hayes, Sheriff of Lewis County, West Virginia, in which the petitioner assails the validity of the commitment order involved in this proceeding, was heard and submitted for decision upon the petition and its exhibits and the demurrer and the answer of the defendant, and upon the written briefs and the oral arguments of the attorneys representing the respective parties.

The petitioner contends that the order of the justice committing him to the county jail because of his refusal to pay the sum of $2.00 for preparing the appeal bond or recognizance involved in this mandamus proceeding and in the habeas corpus proceeding, was unauthorized and for that reason was null and void and that because of the lack of authority of the justice to issue his order of August 30, 1965, he should be required by a writ of mandamus in this proceeding to set aside and rescind such order.

On the contrary the defendant, justice of the peace of Lewis County, West Virginia, insists he had the power and authority to issue such order, that it is in all respects valid and enforceable, and that mandamus is not the proper remedy for the relief sought by the petitioner.

In the above mentioned habeas corpus proceeding styled State ex rel. Titus v. Hayes, 150 W. Va. 151, 144 S. E. 2d 502, this day decided, this Court held the order which committed the petitioner to the county jail, and the validity of which is challenged in each proceeding, to be null and void and unenforceable, prevented its enforcement, and granted the petitioner in the habeas corpus proceeding the relief to which he is entitled as set forth in the opinion this day announced in that proceeding.

It is unnecessary to decide the questions involved in this mandamus proceeding for the reason that because of the decision of this Court in the habeas corpus proceeding those questions have been decided and have been rendered moot. When a question has become moot it will not be considered or decided. This Court has held that "Moot questions or abstract propositions, the decision of which would avail

nothing in the determination of controverted rights of persons or property, are not properly cognizable by a court." Point 1, syllabus, *Orwasky* v. *Chuma,* 148 W. Va. 349, 135 S. E. 2d 248; point 1, syllabus, *State ex rel. Lilly* v. *Carter,* 63 W. Va. 684, 60 S. E. 873. Accordingly this proceeding must be and it is hereby dismissed.

*Rule discharged,*
*case dismissed.*