STATE *ex rel.* CAPITOL BUSINESS EQUIPMENT, INC., *a corp.*

*v.*

JOHN M. GATES, *Commissioner, etc., et al.*

(No. 13080)

Submitted April 20, 1971.　　　　Decided May 11, 1971.

*Angel, Lewis, Ciccarello & Masinter, Arthur T. Ciccarello,* for relator.

*Chauncey H. Browning, Jr.,* Attorney General, *Cletus B. Hanley,* Deputy Attorney General, *Victor A. Barone,* Assistant Attorney General, for respondents.

BERRY, JUDGE:

This mandamus proceeding instituted under the original jurisdiction of this Court by the petitioner, Capitol Business Equipment, Incorporated, against respondents, John M. Gates, Commissioner, Department of Finance and Administration for the State of West Virginia, and Ben E. Rubrecht, Purchasing Director for the State of West Virginia, seeks to compel them to reinstate the petitioner to the right to bid on state purchases and to award to it such contracts to which it may be entitled under the laws of the State of West Virginia. A rule to show cause was issued by this Court on March 30, 1971, returnable April 20, 1971, but before the return day of the rule the respondents reinstated the petitioner to do business with the State of West Virginia in the Purchasing Division of the Department of Finance and Administration. An answer was filed by the respondents setting out that the petitioner had been reinstated to do business with the State and that the respondents would recognize any bids submitted by the petitioner, and by virtue of such action it has rendered the question presented by the petitioner moot.

The case was submitted on arguments and briefs of the respective parties on the return day of the rule. However, during the argument for the petitioner it was insisted that the case was not moot, because of the fact that the respondents had sent a list of questions to be answered by the petitioner, to which the petitioner apparently objected by contending that its constitutional rights were being

violated; and petitioner insisted that this Court should order the petitioner restored to the right to do business with the State without any qualifications.

The issue with regard to answering the questions was not raised by the pleadings. It appears from a form letter sent to the petitioner, and apparently to other companies doing business with the State, a copy of which was filed with the papers in this case, that the questions merely inquired of the recipients whether or not they had done any business whatsoever, either directly or indirectly with the State or counselled with anyone doing business with the State, since their suspension from doing such business.

The petitioner was suspended from the right to do business with the State on January 6, 1970, by predecessors of the respondents. The suspension came as the result of the petitioner having been indicted by the grand jury of the Intermediate Court of Kanawha County in connection with purchasing irregularities. Code, 5A-3-39, as amended, clearly gives the Commissioner of Finance and Administration the authority upon recommendation of the Director of the Purchasing Division to suspend the right and privileges of anyone to bid on state purchases when the Commissioner has reason to believe that such person has violated any of the provisions of the purchasing law or rules and regulations of the director. An appeal from the suspension was denied April 23, 1970, by the Purchasing Division Appeal Board in accordance with the provisions of Code, 5A-3-40, as amended.

It is not clear from the record in this case why the petitioner was not reinstated after the expiration of one year as provided in the statute. Code, 5A-3-39, as amended. It may have been for any number of reasons, such as information that the petitioner was continuing to violate some rules or regulations, or that he had failed to supply certain information requested by the respondents with regard to its activities. The letter from the Commissioner dated April 16, 1971, relative to the questions, all of which

were filed with the papers, states that the petitioner's right to do business in the future may well depend on answers to the form letter sent to the petitioner with date of February 22, 1971, a copy of which was attached to the letter filed in this proceeding.

Although the petitioner has been reinstated to do business with the State with regard to submitting bids for purchases as prayed for in the petition, the letter of April 16 indicates that the petitioner may be suspended again in the future if it does not properly answer the form letter of February 22. The petitioner attempts in oral argument to set up an additional issue not included in the pleadings, that the respondents may at some indefinite time in the future suspend the petitioner either for the refusal to answer the questions submitted to it, or because of the contents of the answers. This issue would not occur unless and until such suspension was effected by the respondents. There is no evidence as to what the respondents would do in the future with regard to the questions asked. However, it appears that if the petitioner answered "No" to the questions no future action would ever be attempted to be made in connection therewith.

It is the contention of the petitioner that this Court should compel the respondents to award unqualifiedly contracts for business of the state to it if it submitted the lowest bid. This in any event is not the law, which requires only the granting of contracts to the lowest responsible bidder with certain other qualifications pertaining thereto. *State ex rel. Printing-Litho, Inc.* v. *Wilson,* 147 W.Va. 415, 128 S.E.2d 449.

The relief prayed for by the petitioner in this proceeding is that it be restored to the right and privilege to bid on State purchases in accordance with the provisions of the laws of the State of West Virginia and the answer, which is not denied, states that the petitioner has been so restored to such privilege. Consequently, there is nothing further to be accomplished by a decision of this Court.

In cases where a duty has already been performed, a writ of mandamus will not issue to compel such performance. This principle is clearly stated in point 1 of the syllabus of the case of *Monongalia Improvement Company, et als.* v. *P. D. Morris, Judge, etc.*, 106 W. Va. 243, 145 S.E. 387, in the following language: "The writ of mandamus will not issue to compel the performance of a duty already discharged." The question involved in the case at bar is aptly disposed of by this Court in point 6 of the syllabus of the case of *Delardas* v. *Morgantown Water Comm.*, 148 W.Va. 776, 137 S.E.2d 426, wherein the following language appears: "A writ of mandamus will not be issued in any case when it is unnecessary or when, if used, it would prove unavailing, fruitless or nugatory."

It appears that nothing would be accomplished by the issuing of a writ or decision in the case presented here, and courts will not ordinarily decide a moot question unless there is some matter which must be disposed of, in addition to the moot issue. *State ex rel. W.Va. Secondary School Activities Commission* v. *Oakley, Judge, et al.*, 152 W.Va. 533, 164 S.E.2d 775. This proposition is clearly stated in point 1 of the syllabus of the case of *State ex rel. Lilly* v. *Carter*, 63 W.Va. 684, 60 S.E. 873, as follows: "Moot questions or abstract propositions, the decision of which would avail nothing in the determination of controverted rights of persons or of property, are not properly cognizable by a court." The same syllabus point is found in the cases of *Orwasky* v. *Chuma*, 148 W.Va. 349, 135 S.E.2d 248 and *State ex rel. Titus* v. *Marsh, J.P.*, 150 W.Va. 143, 144 S.E.2d 433.

There being no issue before this Court to be decided other than that disposed of by the pleadings, the writ of mandamus prayed for is denied, and the case dismissed as moot.

*Writ denied;*
*case dismissed as moot.*