356 S.E.2d 479

**Linda MEADE**

v.

**MINGO COUNTY BOARD OF EDUCATION, etc., et al.**

**No. 17210.**

Supreme Court of Appeals of West Virginia.

April 14, 1987.

---

William B. McGinley, WVEA, Charleston, for appellants.

W. Graham Smith, Jr., Williamson, for appellee.

PER CURIAM:

This is an appeal from a final order of the Circuit Court of Mingo County, entered August 12, 1985, which denied the petition of the appellant, Linda Meade, for a writ of mandamus. The appellant sought to compel the Mingo County Board of Education to employ her on a regular basis as a custodian at Dingess Grade School and to pay her back wages. We conclude that the appellant has not shown a clear legal right to the relief prayed for below, and we affirm the judgment of the circuit court.

Although the record before this Court is incomplete, it appears from the assertions of the parties that the Mingo County Board of Education (hereinafter, "the Board") hired the appellant as a substitute custodian at Dingess Grade School on November 15, 1982 when a vacancy arose in the position of Custodian I. On November 22, 1982, the county superintendent of schools posted a notice of the vacancy and invited applications to fill the position. Three Board employees applied: William S. Finley, a regular service personnel employee assigned at that time to Dingess Grade School as a night watchman; Virginia Vance, a service personnel aide who had been laid off and was on the preferred recall list; and the appellant.

The Board met on December 9, 1982 and appointed Mr. Finley to fill the vacant position, effective December 13, 1982. For reasons not apparent from the record, however, Mr. Finley subsequently refused the appointment and resigned from the position. On December 16, 1982, the county superintendent re-posted the vacancy, and Ms. Vance and the appellant again applied for the position. The Board, however, offered the appointment to a third applicant, Ricky Grimes, a regular service personnel employee with custodial experience assigned at that time to the Board's maintenance force. The appellant continued to perform the custodial duties at Dingess

Grade School until Mr. Grimes assumed the position of Custodian I on January 13, 1983.*

The appellant asserts that upon learning of the Board's decision to re-advertise the vacancy at Dingess Grade School following Mr. Finley's resignation, she filed a grievance alleging that the Board had unlawfully re-posted the position instead of offering the appointment to her. The appellant further asserts that she unsuccessfully appealed to the county superintendent and made a formal request for a hearing before the Board to which she received no response. No evidence reflecting these procedures appears in the record before this Court. The record does contain a decision of the State Superintendent of Schools, dated June 7, 1983, which dismissed an appeal by the appellant on the ground that the Board had followed proper procedures in re-posting the position and offering it to Mr. Grimes and that the appellant was not, in any case, the proper person to challenge the Board's action.

On October 17, 1983, the appellant filed a petition for a writ of mandamus in the Circuit Court of Mingo County seeking to compel the Board to appoint her to the Custodian I position at Dingess Grade School and to pay her back wages from December 1982. The circuit court, however, found that the Board had followed all the necessary statutory procedures in filling the vacant position and that the appellant was not entitled to the relief requested. By order dated August 12, 1985, the circuit court affirmed the decision of the State Superintendent of Schools and dismissed the appellant's petition. It is from this order · that the appellant prosecutes this appeal.

■ Initially, we note that although this case is before us on appeal from the judgment of the circuit court, the correctness of the lower court's ruling is tested by the same principles which would have been applicable if the appellant had invoked the original jurisdiction of this Court. *State ex*

*rel. Canterbury v. County Court,* 151 W.Va. 1013, 158 S.E.2d 151 (1967). Entitlement to the extraordinary remedy of mandamus is governed by the following well-settled principle:

> "A writ of mandamus will not issue unless three elements coexist—(1) a clear legal right in the petitioner to the relief sought; (2) a clear legal duty on the part of the respondent to do the thing which the petitioner seeks to compel; and (3) the absence of another adequate remedy."

Syllabus point 2, *State ex rel. Kucera v. City of Wheeling,* 153 W.Va. 538, 170 S.E.2d 367 (1969). *See also State ex rel. Capitol Business Equipment, Inc. v. Gates,* 155 W.Va. 64, 180 S.E.2d 865 (1971); *State ex rel. Nelson v. Ritchie,* 154 W.Va. 644, 177 S.E.2d 791 (1970).

The principal issue presented for our consideration is whether the Board was required to give preferential consideration to the appellant's application for the Custodian I position at Dingess Grade School. If not, the appellant is in no position to question the re-posting of the vacancy in December 1982.

■ At the time the vacancy arose, the seniority rights of school service personnel were governed by W.Va.Code § 18A–4–8b [1982], which provided, in pertinent part:

(a) A county board of education shall make decisions affecting promotion and filling of any service personnel positions of employment or jobs occurring throughout the school year that are to be performed by service personnel as provided in section eight, article four of this chapter, on the basis of seniority, qualifications and evaluation of past service in the following order:

(1) Regularly employed service personnel.

(2) Service personnel whose employment has been discontinued in accordance with this section.

(3) Substitute service personnel.

(4) New service personnel.

---

* Mr. Grimes subsequently resigned from the position in March 1983, and the Board again advertised the vacancy. Although both Ms. Vance and the appellant applied for the position, the Board appointed Benny Ferguson, a custodian at Lenore High School, to fill it.

Under this statute the appellant would not have been entitled to preference over any of the other applicants, who were either regularly employed or former service personnel. If anyone had an arguable claim to appointment to the position following Mr. Finley's refusal, it would have been Ms. Vance, who was on the preferred recall list.

■ The appellant contends, however, that she was entitled to preferential consideration over both Ms. Vance and the regular service personnel employees by virtue of W.Va.Code § 18A–4–15 [1981], which provided, in pertinent part:

> The county board may employ and the county superintendent, subject to the approval of the county board of education, may employ and assign substitute auxiliary and service personnel to perform any of the following duties:
>
> \*   \*   \*   \*   \*   \*
>
> (4) To temporarily fill a vacancy in a permanent position caused by severance of employment by the resignation, retirement, permanent disability or death of the regular auxiliary or service employee who had been assigned to fill such position: *Provided,* That within ten working days from the commencement of the vacancy, *the board shall give regular employee status to a person hired to fill such vacancy so created, giving preferential hiring treatment to persons previously assigned to such position,* and such person shall have and shall be accorded all rights, privileges and benefits pertaining to such position. (Emphasis added)
>
> \*   \*   \*   \*   \*   \*

The appellant contends that under this statute, she was entitled to regular employee status, having worked in the position for over ten working days, and to preference, even over other regularly employed service personnel with more seniority, with respect to the position for which she was hired as a substitute.

Even if we were to accept the appellant's rather strained interpretation of this statute, we do not believe that she was entitled to claim the benefit of it. In 1982, W.Va. Code § 18A–4–15 was amended to read as follows:

> The county board may employ and the county superintendent, subject to the approval of the county board of education, may employ and assign substitute service personnel to perform any of the following duties:
>
> \*   \*   \*   \*   \*   \*
>
> (4) To temporarily fill a vacancy in a permanent position caused by severance of employment by the resignation, retirement, permanent disability or death of the regular service employee who had been assigned to fill such position: *Provided,* That within ten working days from the commencement of the vacancy, the board shall fill such vacancy under the procedures set out in [W.Va.Code §§ 18A–4–8b and 18A–2–5] and such person hired to fill the vacancy shall have and shall be accorded all rights, privileges and benefits pertaining to such position: *Provided, however,* That if a board has in effect an official, written policy of posting job vacancies, it shall be allowed twenty working days to fill the vacancy.
>
> \*   \*   \*   \*   \*   \*

1982 W.Va.Acts, ch. 56.

This statute, which was in effect at the time of the events complained of by the appellant, does not contain even a hint of an intention to grant substitute service personnel preference in hiring and promotions over other service personnel.

In view of the law on point, it is evident that the appellant's contention that she had a clear legal right to the position in question is patently absurd. It is unfortunate that the appellant's counsel did not review the applicable statutory provisions before putting the appellant and the Board of Education to the trouble and the expense of this litigation.

For the reasons stated herein, we affirm the judgment of the Circuit Court of Mingo County.

Affirmed.