398 S.E.2d 114

Garry R. TENNEY

v.

**BOARD OF EDUCATION OF THE COUNTY OF BARBOUR.**

No. 19357.

Supreme Court of Appeals of West Virginia.

June 26, 1990.

Mark D. Nigh, Philippi, for Garry R. Tenney.

John O. Kizer, Charleston, for Board of Educ. of the County of Barbour.

PER CURIAM:

This is an appeal by Garry R. Tenney from an order of the Circuit Court of Barbour County denying him a writ of mandamus to compel the Board of Education of Barbour County to hire him as principal of the Philip Barbour High School. The circuit court ruled that the appellant had failed to show that he had a clear legal right to the relief which he sought. On appeal, the appellant claims that the circuit court's ruling was erroneous. After reviewing the record, this Court disagrees and affirms the judgment of the circuit court.

The appellant served as principal of the Philip Barbour High School in Barbour County for eight or nine years preceding the 1988–89 school year. During February and March, 1987, the Superintendent of the Barbour County Schools reorganized the central office staff of the Board of Education. The reorganization resulted in the

creation of the office of director of administrative services, and the appellant was transferred from his principal position to the new administrative position.

Following his transfer, the appellant filed a grievance proceeding challenging the transfer. The proceeding was prosecuted in accordance with statutory procedural requirements, and at the conclusion of the proceeding the West Virginia Education Employees Grievance Board found that the Barbour County Board of Education had met all procedural requirements in effecting the transfer. The appellant appealed the decision to the Circuit Court of Barbour County, and the circuit court, by order dated June 7, 1988, affirmed the decision of the grievance board. The appellant then sought an appeal to this Court, but this Court, by order dated February 7, 1989, refused to grant the appeal.

While the appellant's appeal to this Court was pending, the Board of Education, on November 23, 1988, posted a notice that the principalship of the Philip Barbour High School was vacant, and invited applications for the position. Four individuals, including the appellant and Douglas Schiefelbein, who was then serving as interim principal, applied. A committee subsequently interviewed the applicants and recommended the appointment of Mr. Schiefelbein. Following the interviews, the County Superintendent of Schools recommended that Douglas Schiefelbein be assigned as principal of the high school effective February 22, 1989.

After the Superintendent recommended Mr. Schiefelbein's appointment, the appellant filed a petition for a writ of mandamus with the Circuit Court of Barbour County. In the petition, he prayed that the court compel the Board to employ him as principal at the high school. He essentially claimed that the policy of the Barbour County School System and Board of Education was to secure the best available person for the position and that he was that person when his seniority and qualifications were considered. He also specifically claimed that he was more qualified than Douglas Schiefelbein. He took the position

that the failure of the Board of Education to hire him as principal constituted a violation of the law and was arbitrary conduct.

After taking the various documents filed in the proceedings under consideration, as well as briefs submitted by the parties, the circuit court, by order dated June 5, 1989, refused to grant the appellant the relief which he sought. The court, among other things, indicated that the appellant had no clear legal right to the relief which he sought. It is from this ruling that the appellant now appeals.

■ In a number of cases this Court has recognized that:

> A writ of mandamus will not issue unless three elements coexist—(1) a clear legal right in the petitioner to the relief sought; (2) a legal duty on the part of respondent to do the thing which the petitioner seeks to compel; and (3) the absence of another adequate remedy.

Syllabus point 2, *State ex rel. Kucera v. City of Wheeling,* 153 W.Va. 538, 170 S.E.2d 367 (1969). *See also, Meade v. Mingo County Board of Education,* 177 W.Va. 725, 356 S.E.2d 479 (1987); *State ex rel. Capitol Business Equipment, Inc. v. Gates,* 155 W.Va. 64, 180 S.E.2d 865 (1971); *State ex rel. Nelson v. Ritchie,* 154 W.Va. 644, 177 S.E.2d 791 (1970).

■ The Court has also recognized that mandamus will not lie in controlling tribunals or officers in exercising their discretionary powers, in the absence of a showing of caprice, passion, partiality, fraud, arbitrary conduct, or some ulterior motive or misapprehension of the law. *State ex rel. Withers v. Board of Education of Mason County,* 153 W.Va. 867, 172 S.E.2d 796 (1970); *State ex rel. West Virginia Board of Education v. Miller,* 153 W.Va. 414, 168 S.E.2d 820 (1969); *State ex rel. Payne v. Board of Education of Jefferson County,* 135 W.Va. 349, 63 S.E.2d 579 (1951).

■ Within limits, the power of boards of education relating to the hiring, assign-

ment, transfer, and promotion of school personnel is discretionary, and, in line with general principles relating to the remedy of mandamus, it has been recognized that in the absence of fraud, partiality, arbitrary or capricious conduct, or some ulterior motive, a judgment of the county of board of education with respect to the qualifications of an applicant will be given deference upon judicial scrutiny. *Dillon v. Board of Education of the County of Wyoming,* 177 W.Va. 145, 351 S.E.2d 58 (1986); *State ex rel. Hawkins v. Tyler County Board of Education,* 166 W.Va. 363, 275 S.E.2d 908 (1981); *State ex rel. Withers v. Mason County Board of Education, supra; State ex rel. Payne v. Board of Education of Jefferson County, supra.*

▪ In the present proceeding, the essential thrust of the appellant's argument is that he has been certified as principal for a longer period than any of the other applicants and that because he previously served successfully as principal of the high school, he should be considered the best candidate for the position.

This Court has recognized that selection of candidates for education positions is not a mechanical or mathematical process. As stated in *Higgins v. Board of Education of Randolph County,* 168 W.Va. 448, 451, 286 S.E.2d 682, 685 (1982):

> Normal human experience indicates that there are qualities which cannot be quantized such as elan, enthusiasm, leadership, and talent which can be evaluated only through personal interaction with an applicant and ultimately a subjective judgment about his or her potential to do a new job.

This Court believes that the appellant in the present case has failed to show that he is the most qualified for the position in question. As previously suggested, seniority alone is not the sole determinant of qualification for a professional position, and a careful examination of the documents submitted in this case suggests that, although the appellant has more seniority in terms of occupying a principal's position, two of the other applicants, including Douglas Schiefelbein, who was appoint-

ed to the position in question, have been professionally employed by the Board of Education longer than the appellant. The fact that the appellant has successfully served as principal previously, while possibly suggesting that he is very qualified, does not demonstrate that he is the best qualified. Finally, the record is devoid of a comparison of the subjective attributes of the appellant and Mr. Schiefelbein that the Board might have considered in arriving at its decision and is also devoid of a showing that the Board's decision was motivated by fraud, partiality, capricious conduct, or other circumstance which would justify judicial interference with the Board's exercise of its discretion.

Under the circumstances, the Court cannot conclude that the appellant demonstrated to the lower court a clear legal right to appointment to the position which he seeks or that, given the rule in syllabus point 2 of *State ex rel. Kucera v. City of Wheeling, supra,* the circuit court erred in refusing to grant the appellant's prayer for mandamus relief.

For the reasons stated, the judgment of the Circuit Court of Barbour County is affirmed.

Affirmed.