506 S.E.2d 38

**Michael V. KEMP, Petitioner below, Appellant,**

v.

**STATE of West Virginia, Respondent below, Appellee.**

No. 23980.

Supreme Court of Appeals of West Virginia.

Submitted Sept. 9, 1997.

Decided Dec. 16, 1997.

David L. Zehnder, Public Defender Corporation, Moundsville, for Appellant.

Darrell McGraw, Attorney General, Rory L. Perry, II, Assistant Attorney General, Charleston, for Appellee.

PER CURIAM: [1]

This is an appeal by a convicted felon, Michael V. Kemp, from a decision of the Circuit Court of Tyler County denying him relief in a habeas corpus proceeding. Mr. Kemp was being held in the West Virginia Penitentiary on four counts of sexual abuse in the first degree. In his petition for a writ of habeas corpus, Mr. Kemp claims that he was denied effective assistance of counsel at his trial and that the trial court had committed certain trial errors. One week prior to oral arguments, the appellant was released from the penitentiary, and we find that the extraordinary relief offered by the post-conviction writ of habeas corpus is not available to Mr. Kemp.

I.

In 1992 the appellant was charged with four counts of first degree sexual abuse for which he retained counsel. A criminal trial was conducted which resulted in a mistrial when the jury was unable to reach a verdict. A second trial was conducted in 1993 and Mr. Kemp was convicted on all four counts. He was sentenced to four consecutive one-to-five year terms in the West Virginia Penitentiary.

Mr. Kemp contends that his attorney was ineffective at his second trial. During the

---

1. We point out that a *per curiam* opinion is not legal precedent. *See Lieving v. Hadley,* 188 W.Va. 197, 201 n. 4, 423 S.E.2d 600, 604 n. 4 (1992) ("*Per curiam* opinions ... are used to decide only the specific case before the Court; everything in a *per curiam* opinion beyond the syllabus point is merely *obiter dicta* ... Other courts, such as many of the United States Circuit Courts of Appeals, have gone to non-published (not-to-be-cited) opinions to deal with similar cases. We do not have such a specific practice, but instead use published *per curiam* opinions. However, if rules of law or accepted ways of doing things are to be changed, then this Court will do so in a signed opinion, not a *per curiam* opinion.")

**2**

time between the first and second trials the prosecuting attorney was able to locate an expert who would testify concerning sexual abuse and children. However, no expert was contacted for the defense by Mr. Kemp's counsel.

Mr. Kemp further contends that several times during *voir dire* and during the trial, his counsel appeared to be confused and ill-prepared.[2] After conviction and sentencing, the appellant filed a *pro se* Writ of Habeas Corpus in the Circuit Court of Tyler County which was denied. This is an appeal of that habeas corpus action.

This Court was advised by appellant's counsel that prior to oral arguments before this Court, the appellant had been released from the penitentiary.

## II.

We find that because the appellant has already been released, his request for a writ of habeas corpus is moot.[3] As we have previously noted:

> Moot questions or abstract propositions, the decision of which would avail nothing in the determination of controverted rights of persons or the property, are not properly cognizable by a court.

Syllabus Point 1, *State ex rel. Lilly v. Carter*, 63 W.Va. 684, 60 S.E. 873 (1908). *In accord*, Syllabus Point 5, *West Virginia Educ. Ass'n. v. Consolidated Public Retirement Bd.*, 194 W.Va. 501, 460 S.E.2d 747 (1995); Syllabus Point 1, *State ex rel. Durkin v. Neely*, 166 W.Va. 553, 276 S.E.2d 311 (1981); Syllabus

Point 3, *State ex rel. Capitol Business Equipment, Inc. v. Gates*, 155 W.Va. 64, 180 S.E.2d 865 (1971); Syllabus Point 1, *State ex rel. West Virginia Secondary School Activities Commission v. Oakley*, 152 W.Va. 533, 164 S.E.2d 775 (1968); Syllabus Point 1, *Swartz v. Public Service Comm'n*, 136 W.Va. 782, 68 S.E.2d 493 (1952).

Accordingly, we deny the relief requested.[4]

Appeal denied.

---

2. An excerpt for the trial transcript indicates that the attorney for the defendant was completely unfamiliar with what the expert was to testify:
   Q. With regard to a child that's been sexually abused, is there a profile or certain symptoms that victims of sexual abuse portray?
   A. Yes, there is.
   Attorney: Objection. It's an improper question. It is not admissible to support an opinion.
   Court: In what respect?
   Attorney: I don't know what a profile is, first. And I don't know what that means, and it's not self explanatory.
   (TRANS. P. 139).

3. We acknowledge that many state and federal courts have determined that parole or probation is sufficient restriction of freedom to warrant a writ be issued. However, with this particular set of facts we will not decide that issue at this time.

4. Although we hold that the appellant cannot, at this time, petition for a writ of habeas corpus, he may be able to protect himself through a writ of error known as *coram nobis*. This particular writ has been used for post-conviction issues when the defendant is not incarcerated. *See generally* 2 Franklin D. Cleckley, *Handbook on West Virginia Criminal Procedure* II–508 to 509 (2d 1993).

We recognize that the *West Virginia Rules of Civil Procedure* 60(b) has abolished the writ of *coram nobis* in civil cases. However, "the writ of *coram nobis* ... remains available whenever resort to a more usual remedy would be inappropriate." *James v. United States*, 459 U.S. 1044, 1046–47, 103 S.Ct. 465, 466–67, 74 L.Ed.2d 615, 616 (1982).