# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.) No. 12-0920** (Taylor County 11-F-16)

**Tony Lewis,**
**Defendant Below, Petitioner**

**FILED**

**June 28, 2013**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

## MEMORANDUM DECISION

Petitioner Tony Lewis, by counsel Sherman Lambert Sr., appeals the June 18, 2012 order of the Circuit Court of Taylor County which denied his motion for new trial and sentencing order. The State of West Virginia, by counsel, the Office of the Attorney General, has filed its response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In March of 2010, the Grafton Police Department received multiple telephone calls concerning a van following and possibly "stalking" a child. After a brief investigation, Patrolman Krepps of the Grafton Police Department determined that petitioner had made his eight-year-old stepdaughter walk to school on a busy road as punishment for missing the school bus earlier that morning. As a result of this incident, the West Virginia Department of Health and Human Resources ("DHHR') initiated an investigation. In January of 2011, a Taylor County Grand Jury indicted petitioner on one count of child neglect creating a substantial risk of serious bodily injury. Following a jury trial, petitioner was found guilty of one count of child neglect creating risk of injury or death.

On March 20, 2012, petitioner's trial counsel filed a motion to withdraw, which the circuit court granted. Petitioner's new counsel filed a motion for new trial. In support of his motion, petitioner alleges that his original trial counsel was ineffective in failing to call any witnesses on his behalf during his case-in-chief. Additionally, new trial counsel alleged prosecutorial misconduct because the prosecutor elicited testimony in violation of the pretrial order which limited parts of the testimony previously given by a DHHR worker. The circuit court denied petitioner's motion for new trial and sentenced petitioner to a term of incarceration of one to five years. Petitioner's sentence was held in abeyance while petitioner entered the Taylor County Community Corrections Program. Additionally, petitioner was required to register with the Child Abuse Registry for ten years and perform community service, including litter control along the route he made his stepdaughter walk. The circuit court further ordered

1

that petitioner be required to serve a term of incarceration of four months if he became uncooperative.

On appeal, petitioner alleges the circuit court erred in denying his motion for new trial. Petitioner also asserts three separate assignments of error which relate to ineffective assistance of trial counsel. First, petitioner asserts that trial counsel failed to call any witnesses or produce any evidence during his case-in-chief to support the theory that he did not commit a crime. Second, petitioner argues that trial counsel failed to effectively cross-examine witnesses during the trial. Next, petitioner argues that trial counsel failed to object to an unauthenticated video that was improperly admitted into evidence; failed to move for a mistrial following a single, isolated comment by a State witness; and failed to move for a mistrial because of the State's impermissible remarks during closing arguments. Additionally, petitioner argues that the State's closing arguments were unfair and inflammatory. Based upon these numerous assignments, petitioner seeks to set aside the jury verdict and be awarded a new trial on the grounds of ineffective assistance of counsel. We have previously stated "A trial judge's decision to award a new trial is not subject to appellate review unless the trial judge abuses his or her discretion." Syl. Pt. 3, in part, *In re State Public Bldg. Asbestos Litigation*, 193 W.Va. 119, 454 S.E.2d 413 (1994), cert. denied sub nom. *W.R. Grace & Co. v. West Virginia*, 515 U.S. 1160, 115 S.Ct. 2614, 132 L.Ed.2d 857 (1995).

As an initial matter, we observe that petitioner's ineffective assistance of counsel claims are not properly before this Court on a direct appeal. We addressed this issue in Syllabus Point 10 of *State v. Triplett*, 187 W.Va. 760, 421 S.E.2d 511 (1992), as follows

> It is the extremely rare case when this Court will find ineffective assistance of counsel when such a charge is raised as an assignment of error on a direct appeal. The prudent defense counsel first develops the record regarding ineffective assistance of counsel in a habeas corpus proceeding before the lower court, and may then appeal if such relief is denied. This Court may then have a fully developed record on this issue upon which to more thoroughly review an ineffective assistance of counsel claim.

*See State v. Smith*, 226 W.Va. 487, 493 n.6, 702 S.E.2d 619, 625 n.6 (2010) ("Because we do not address the defendant's proportionality arguments on the merits--other than concluding that it is not properly raised on direct appeal--the defendant is not barred from raising that issue in a petition for writ of *habeas corpus ad subjiciendum*."). The record in this case is insufficient to address the merits of the ineffective assistance of counsel claims.[1]

---

[1]For purposes of habeas corpus relief, it is required by statute that a person be incarcerated. West Virginia Code § 53-4A-1(a) (1967) provides, in part:

> Any person convicted of a crime and incarcerated under sentence of imprisonment therefor who contends that there was such a denial or infringement of his rights as to render the conviction or sentence void under the Constitution of

The only issue this Court will address involves the assignment of error concerning the State's closing argument. Petitioner asserts that the prosecuting attorney made several prejudicial statements during closing argument. The State responds that the prosecuting attorney's remarks during closing argument did not mislead the jury and were not made to divert the jury's attention to extraneous matters. *See* Syl. Pt. 6, *State v. Sugg*, 193 W.Va. 388, 456 S.E.2d 469 (1995). The State further argues that defense counsel did not object to the prosecuting attorney's remarks. The Court notes that

> "[f]ailure to make timely and proper objection to remarks of counsel made in the presence of the jury, during the trial of a case, constitutes a waiver of the right to raise the question thereafter either in the trial court or in the appellate court." Syllabus point 6, *Yuncke v. Welker*, 128 W.Va. 299, 36 S.E.2d 410 (1945).

Syl. Pt. 2, *State v. Adkins*, 209 W.Va. 212, 544 S.E.2d 914 (2001). As such, petitioner's failure to object to the statements constitutes a waiver to raise the question on appeal.

Moreover, the Court finds no merit in petitioner's contention that the doctrine of plain error should apply to the State's closing arguments. "To trigger application of the 'plain error' doctrine, there must be (1) an error; (2) that is plain; (3) that affects substantial right; and (4) seriously affects the fairness, integrity, or public reputation of the judicial proceedings." Syl. Pt. 7, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995). The error raised by petitioner fails to meet the *Miller* test because the fairness of the proceedings was not compromised. To the contrary, the evidence admitted at trial was more than sufficient to support petitioner's conviction.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED**: June 28, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

the United States or the constitution of this State, or both . . . may, without paying a filing fee, file a petition for a writ of habeas corpus . . . .

*See State ex rel. McCabe v. Seifert*, 220 W.Va. 79, 85, 640 S.E.2d 142, 148 (2006)("'We acknowledge that many state and federal courts have determined that parole or probation is sufficient restriction of freedom to warrant a writ be issued. However, with this particular set of facts we will not decide that issue at this time.'")(quoting *Kemp v. State*, 203 W.Va. 1, 2 n.3, 506 S.E.2d 38, 39 n.3 (1997)).