# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

**November 4, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re* B.S.

No. 18-0732 (Putnam County 17-JA-92)

## MEMORANDUM DECISION

Petitioner Father W.S., by counsel Herbert L. Hively II, appeals the Circuit Court of Putnam County's July 17, 2018, order terminating his parental rights to B.S.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Rosalee Juba-Plumley, filed a response on behalf of the child also in support of the circuit court's order. Intervenor Sault Ste. Marie Tribe of Chippewa Indians ("Tribe"), by counsel Suzanne Weise and Kathryn Fort, filed a response asserting that the circuit court failed to comply with various provisions of the Indian Child Welfare Act ("ICWA"). On appeal, petitioner argues that the circuit court erred in finding that he failed to successfully complete his post-adjudicatory improvement period.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The DHHR filed a child abuse and neglect petition against the parents in October of 2017 based upon allegations of domestic violence and substance abuse.[3] The DHHR had received an

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

[2]Petitioner does not assign as error the termination of his parental rights or any violations under the ICWA.

[3]Upon removal of the child, petitioner indicated to a Child Protective Services ("CPS") worker that he and the child were members of the Tribe.

1

audio recording which revealed that the child was present during a domestic disturbance between the parents. A CPS worker spoke to petitioner regarding the incident, and petitioner admitted to the altercation. Petitioner also admitted that he smoked marijuana, but he stated that he would stop smoking marijuana for his child. Petitioner further admitted having a history of methamphetamine and alcohol abuse but denied current usage. The mother reported to the CPS worker that petitioner had a violent history and that he introduced her to abusing methamphetamine. A CPS worker also spoke to the then-five-year-old child, who reported that his parents fight and punch each other. A CPS worker further interviewed relatives of the family, who reported that petitioner was previously physically violent with his ex-wife and that he and the child's mother frequently abused alcohol.[4] In sum, the DHHR alleged that petitioner exposed the child to domestic violence and abused drugs and alcohol to the extent that it impaired his ability to parent the child. Petitioner waived his preliminary hearing.

The circuit court held an adjudicatory hearing in November of 2017. Petitioner stipulated to the allegations contained in the petition. Specifically, petitioner stipulated that he engaged in domestic violence "fueled by alcohol" that affected his ability to parent the child. The circuit court accepted petitioner's stipulation and adjudicated him as an abusing parent. Petitioner moved the circuit court for a post-adjudicatory improvement period, and his motion was held in abeyance pending the holding of a multidisciplinary team ("MDT") meeting.

In January of 2018, the circuit court granted petitioner's motion for a post-adjudicatory improvement period. As part of the terms and conditions, petitioner was required to submit to random drug screens, complete drug treatment, complete a domestic violence course, and participate in supervised visits with the child. At a status hearing held in April of 2018, the DHHR reported that petitioner was not fully complying with the terms of his improvement period. According to the DHHR, petitioner tested positive for methamphetamine on two occasions. Petitioner stated that he experienced "a slip" but expressed that he wanted to comply and continue forward with his improvement period. The circuit court continued petitioner's improvement period but cautioned him that he must fully comply with services.

The circuit court held a second status hearing in May of 2018. The DHHR moved the circuit court to terminate petitioner's improvement period based upon his failure to comply with services. At the conclusion of the hearing, the circuit court terminated petitioner's post-adjudicatory improvement period. The circuit court found that petitioner "has had another drug screen positive for methamphetamine and has failed to attend at least (1) drug screen." The circuit court further found that petitioner was "not fully cooperating with services or the recommendations of his parental fitness evaluation" and had not participated in inpatient drug treatment as recommended by the MDT. Lastly, the circuit court ordered petitioner to submit to a drug screen, which he refused to do and left the courthouse without complying with that order.

A dispositional hearing was held in June of 2018, wherein petitioner requested a post-dispositional improvement period. Petitioner submitted to a drug screen and admitted to recent

---

[4]It is unclear when petitioner was married to his first wife; however, the record does indicate that he and the child's mother had been married for twenty-two years at the time of the petition's filing.

drug use, including marijuana and methamphetamine. The circuit court continued the hearing to allow the guardian time to file a written report.

At the rescheduled hearing, both the DHHR and the guardian recommended termination of petitioner's parental rights. Petitioner testified that he "did so poorly" in his improvement period because he was employed to tear down homes and he did not realize that the "people who lived there were heavy methamphetamine smokers," insinuating that his positive drug screens occurred due to unintended absorption of the substance on job sites. Despite his previous admission to abusing methamphetamine, petitioner testified that he only admitted that because he thought "it was already over," meaning that there was nothing he could do to regain custody of B.S. Later during his testimony, petitioner continued to deny abusing methamphetamine but admitted that he smoked the substance "on occasion." When asked whether he could cease abusing methamphetamine, petitioner responded, "I already have" and reported that the last time he abused the substance was "three, four days" ago. Petitioner blamed the mother for his situation, claiming that "[s]he put me right where she wanted me" by "tormenting me with her telephone and her boyfriend, tormenting me with lies, [and] leaving me." Petitioner also blamed the service provider for his failure to complete parenting or anger management classes.

After hearing testimony and evidence, the circuit court entered a dispositional order on July 17, 2018, in which it found that petitioner failed to comply with his improvement period. The circuit court found that petitioner failed to participate in any outpatient or inpatient drug treatment, failed to complete a domestic violence course, and continued to test positive for drugs, including using methamphetamine as recently as four days prior to the hearing. According to the circuit court, petitioner's drug use significantly impaired his ability to properly care for the child, and petitioner failed to comply with any sort of treatment to remedy the same. The circuit court denied petitioner's request for a post-dispositional improvement period and terminated his parental rights upon finding that there was no reasonable likelihood that petitioner could correct the conditions of abuse in the near future and that termination was necessary for the child's welfare.[5]

Petitioner appealed the circuit court's July 17, 2018, dispositional order terminating his parental rights. After the appeal was filed, the Tribe filed a motion to intervene along with a brief wherein the Tribe argued that the circuit court violated several provisions of the ICWA. Specifically, the Tribe argued that the circuit court erred in failing to notice the Tribe to the proceedings, make any findings in accordance with the heightened standards of the ICWA, hear expert witness testimony as required by the ICWA to terminate parental rights, and make a finding that active efforts to prevent the breakup of the Indian family had been provided. This Court entered an order on January 10, 2019, remanding the matter to the circuit court for the limited purposes of determining whether the ICWA applied to the matter and whether the Tribe should be permitted to intervene. The Court ordered that its decision on the appeal would be held in abeyance pending the circuit court's determinations on remand.

_____

[5]The mother successfully completed her improvement period, and the petition against her was dismissed. The mother was reunified with the child, and the permanency plan for the child is to remain in his mother's care.

In May of 2019, the circuit court issued an order finding that the ICWA applied and permitting the Tribe to intervene. Thereafter, the circuit court allowed the Tribe to review the case files and provide recommendations. In October of 2019, the circuit court held a hearing wherein the Tribe presented an expert witness to testify regarding petitioner's case. The expert witness expressed concern over the Tribe's lack of involvement in the proceedings and testified that petitioner should have been granted additional time to comply with services. After hearing the testimony, the circuit court found that the Tribe's expert witness did not contest the sufficiency of the efforts provided. By order entered November 18, 2019, the circuit court reaffirmed its prior decision to terminate petitioner's parental rights.

Now that the circuit court has completed the requirements set forth in this Court's January 10, 2019, remand order, this Court shall consider the merits of petitioner's appeal. The Court notes that, since the circuit court entered is November 18, 2019, order, neither petitioner nor the Tribe has filed any additional briefing with this Court raising issue with the findings of the circuit court in that order. In light of the proceedings conducted by the circuit court following remand from this Court, we find that the Tribe's arguments in its brief are now moot, and we decline to address them on appeal. *See* Syl. Pt. 1, *State ex rel. Lilly v. Carter*, 63 W. Va. 684, 60 S.E. 873 (1908) ("Moot questions or abstract propositions, the decision of which would avail nothing in the determination of controverted rights of persons or of property, are not properly cognizable by a court."); *see also* Syl. Pt. 5, *Cooper v. City of Charleston*, 218 W. Va. 279, 624 S.E.2d 716 (2005); Syl., *Kemp v. State*, 203 W. Va. 1, 506 S.E.2d 38 (1997).

The Court has previously established the following standard of review in cases such as this:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in finding that he failed to successfully complete his improvement period and in failing to extend his improvement period. Petitioner claims that he has maintained employment for over twenty-five years and "grasps the need to work and embraces the necessity of employment." Petitioner claims that he struggled with financial difficulty during the proceedings and "self-medicated with methamphetamine." Petitioner contends that he was "salvageable," and the "only needed component was additional time for recognition of a substance abuse problem." According to petitioner, the extension of an

4

improvement period or the granting of a post-dispositional improvement period would have permitted him to "master" substance abuse and anger issues.

First, with regard to petitioner's argument that the circuit court erred by failing to extend his improvement period, the Court finds petitioner has failed to cite to any portion of the record indicating such a request was made to the circuit court. Accordingly, we will not address this portion of petitioner's argument, as we have previously held that "'[o]ur general rule is that nonjurisdictional questions . . . raised for the first time on appeal, will not be considered.' *Shaffer v. Acme Limestone Co., Inc.*, 206 W.Va. 333, 349 n. 20, 524 S.E.2d 688, 704 n. 20 (1999)." *Noble v. W. Va. Dep't of Motor Vehicles*, 223 W. Va. 818, 821, 679 S.E.2d 650, 653 (2009).

Second, with regard to petitioner's argument that the circuit court erred in finding that he failed to successfully complete his improvement period, we find this position is without merit. We have previously held as follows:

> At the conclusion of the improvement period, the court shall review the performance of the parents in attempting to attain the goals of the improvement period and shall, in the court's discretion, determine whether the conditions of the improvement period have been satisfied and whether sufficient improvement has been made in the context of all the circumstances of the case to justify the return of the child.

Syl. Pt. 6, *In re Carlita B.*, 185 W. Va. 613, 408 S.E.2d 365 (1991). The circuit court fully complied with our holding in *Carlita B.*

The record demonstrates that petitioner failed to comply with nearly every aspect of his post-adjudicatory improvement period below. Petitioner failed to enter or complete outpatient or inpatient drug treatment; failed to complete a domestic violence course; failed to follow through with the recommendations of his parental fitness evaluation; and continued to test positive for methamphetamine throughout the proceedings, including the day of the final dispositional hearing. In fact, in his brief on appeal, petitioner concedes that he "self-medicated with methamphetamine" throughout the proceedings. Although petitioner points out that he has been employed for over twenty-five years, he fails to demonstrate that he addressed the conditions of abuse that led to the petition's filing—namely, his drug abuse and perpetrating of domestic violence. At the dispositional hearing, petitioner denied having a substance abuse problem, blamed his situation on the mother, and blamed the service provider for failing to comply with his improvement period. At no point during his testimony did petitioner accept responsibility for his actions or acknowledge the gravity of the situation. Moreover, petitioner's continued drug abuse during the proceedings prevented him from visiting with the child, and we have previously "pointed out that the level of interest demonstrated by a parent in visiting his or her children while they are out of the parent's custody is a significant factor in determining the parent's potential to improve sufficiently and achieve minimum standards to parent the child." *In re Katie S.*, 198 W. Va. 79, 90 n.14, 479 S.E.2d 589, 600 n.14 (1996) (citations omitted). Based on petitioner's failure to comply with nearly every service provided to him and his continued abuse of methamphetamine throughout the proceedings, we find no error in the circuit court's finding that petitioner failed to substantially comply with his improvement period.

We likewise find no error in the circuit court's denial of petitioner's motion for a post-dispositional improvement period. West Virginia Code § 49-4-610(3)(B) provides that the circuit court may grant a parent a post-dispositional improvement period when the parent "demonstrates, by clear and convincing evidence, that the [parent] is likely to fully participate in the improvement period." Further, since petitioner was previously granted a post-adjudicatory improvement period during the proceedings, he was required to "demonstrate[] that since the initial improvement period, [he] ha[d] experienced a substantial change in circumstances [and] . . . due to that change in circumstances, [he was] likely to fully participate in the improvement period." W. Va. Code § 49-4-610(3)(D). We have noted that "West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period." *In re M.M.*, 236 W. Va. 108, 115, 778 S.E.2d 338, 345 (2015). As set forth above, petitioner failed to comply with nearly every aspect of his improvement period and tested positive for methamphetamine on multiple occasions. Petitioner willfully refused to submit to a court-ordered drug screen and admitted to abusing methamphetamine four days prior to the final dispositional hearing. Further, petitioner failed to accept responsibility for his actions and blamed others for his situation. As such, it is clear petitioner failed to demonstrate that he was likely to fully participate in a post-dispositional improvement period. Moreover, petitioner completely fails to argue what, if any, substantial change in circumstances he had experienced since his prior improvement period that would have made him more likely to successfully participate in an additional improvement period. Accordingly, we find no error in this regard.

For the foregoing reasons, we find no error in the decision of the circuit court, and its July 17, 2018, order is hereby affirmed.

Affirmed.

**ISSUED**: November 4, 2020

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison