**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**William Christopher Jordan,**
**Petitioner Below, Petitioner**

**vs.) No. 22-0161** (Braxton County 21-P-26)

**Harvey Hawkins, Superintendent,**
**Central Regional Jail,**
**Respondent Below, Respondent**

**MEMORANDUM DECISION**

Petitioner William Christopher Jordan appeals the January 31, 2022, order of the Circuit Court of Braxton County denying his petition for a writ of habeas corpus and denying his request to convert his petition to a petition for a writ of coram nobis.[1,2] Upon our review, finding no substantial question of law and no prejudicial error, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21(c).

In 2004, pursuant to a guilty plea, petitioner was convicted of first-degree sexual abuse in Case No. 04-F-19. During the plea colloquy, the circuit court asked petitioner whether he understood that lifetime sex offender registration was a consequence of being convicted of first-degree sexual abuse:

> THE COURT: . . . [O]nce you're released or if you're put on probation or you're put on home confinement, you, for the rest of your life, will

---

[1] Petitioner appears by counsel Jason T. Gain. Respondent Harvey Hawkins, Superintendent of the Central Regional Jail, appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Andrea Nease Proper.

[2] Petitioner's counsel filed a brief in accordance with Rule 10(c)(10)(b) of the West Virginia Rules of Appellate Procedure, which provides, in part, that when "counsel is ethically compelled to disassociate from any assignments of error that the client wishes to raise on appeal, counsel must file a motion requesting leave for the client to file a pro se supplemental brief raising those assignments of error." Per this Rule, petitioner's counsel filed a motion requesting leave for petitioner to file a pro se supplemental brief. The motion was granted, and petitioner timely filed his pro se brief.

1

have to register as a sexual offender.

Do you understand that?

THE DEFENDANT: Yes, sir, I do.

. . . .

THE COURT: . . . The [c]ourt further finds in this matter that the
Defendant understands his rights and obligation to register as a sexual offender for
the remainder of his life.

Upon accepting the plea, the court sentenced petitioner to a term of incarceration for a period of one to five years, but the court suspended the sentence and ordered that he be placed in the Anthony Correctional Center for Youthful Offenders ("Anthony Center")[3] for six months to two years. At a hearing in 2006, after petitioner completed the Anthony Center's program, the circuit court placed petitioner on probation for five years, again reminding petitioner of his sex offender registration obligation. The court instructed, "[T]his is a lifetime registration and will not be released by you being released from probation, parole or a supervised release." Petitioner did not appeal his conviction or sentence. Ultimately, petitioner completed his term of probation.

In March 2021, petitioner was charged in a criminal information in Case No. 21-F-9 with breaking and entering and possession of a firearm by a prohibited person. Petitioner pleaded guilty to these offenses and was sentenced to one to ten years of incarceration for the offense of breaking and entering and five years of incarceration for the offense of possession of a firearm by a prohibited person. The court ordered that the sentences run consecutively.

In July 2021, petitioner, pro se, filed a petition for a writ of habeas corpus in the circuit court, arguing that in Case No. 04-F-19 he received ineffective assistance of counsel and that the evidence was insufficient to support his conviction. He elaborated, "[Counsel] gave me false information. He gave me wrong advi[c]e. He came to my hearings drunk." The circuit court appointed counsel to represent petitioner.

In December 2021, the circuit court ordered briefing on the issue of whether petitioner could obtain habeas relief despite no longer being incarcerated for first-degree sexual abuse. In response, petitioner asserted that "his current confinement [in Case No. 21-F-19] may end if the [c]ourt would grant a Rule 35 (b) motion and place him with an approved drug treatment program." He continued, "However, [petitioner] is unable to secure such placement because of his status as

---

[3] The Anthony Center is a facility "for the housing of young adult offenders convicted of or pleading guilty to violation of law before courts with original jurisdiction, who are amenable to discipline other than in close confinement," that is intended "to give better opportunity to young adult offenders for reformation and encouragement of self-discipline." W. Va. Code § 25-4-1. When an offender successfully completes the center's training program, "[t]he offender is then eligible for probation for the offense the offender was convicted of or plead guilty to and the judge of the court shall immediately place the offender on probation." *Id.* § 25-4-6.

a prior sexual offender from case number 04-F-19." He claimed that he had "not attacked his conviction in [Case No.] 04-F-19 earlier because it ha[d] not directly interfered with a request for an alternative sentence in a criminal case before filing the instant petition." Acknowledging that his success through the petition was based on "a bold extension of current case law and [that] the likelihood of success for him . . . by relying on that argument [was] dim," petitioner requested that the petition be converted to a coram nobis petition.

By order entered on January 31, 2022, the circuit court denied the request for habeas relief. The court found that while petitioner was currently incarcerated, his incarceration was pursuant to convictions in Case No. 21-F-9, not Case No. 04-F-19. The court determined that petitioner had completed his sentence in Case No. 04-F-19 and that petitioner, consequently, was not entitled to habeas relief. The court went on to deny petitioner's request to convert the habeas petition to a coram nobis petition, finding that the record did not "demonstrate sufficient extraordinary circumstances to warrant converting this matter." The court justified its decision as follows:

> The Petitioner did not appeal his conviction and did not challenge his conviction until the filing of the instant habeas petition nearly 17 years after the conviction and 15 years after he completed the Anthony Center and was placed on probation. The record that is before the [c]ourt does not[] "demonstrate a valid reason for not attacking the conviction earlier." The Petitioner states his status as a convicted sex offender has made placement in a drug rehabilitation program difficult, and is thus impacting his opportunities for an alternative sentence in Case 21-F-9. . . . The [c]ourt does not believe that the inability to gain admission to a drug rehabilitation program is a denial of a fundamental constitutional right.

Petitioner now appeals the January 31, 2022, order. Although he asserts only one assignment of error, he essentially makes two arguments across his two briefs: (1) He contends that the circuit court erred by denying his habeas petition, and (2) he claims the circuit court erred by denying his request that his habeas petition be converted to a coram nobis petition.

In support of his first argument, petitioner contends that the circuit court denied his requested relief in a "quasi-summary judgment fashion" by ruling after reviewing the transcripts from Case No. 04-F-19, by failing to comply with Rule 4 of the Rules Governing Post-Conviction Habeas Corpus Proceedings in West Virginia,[4] and by failing to recognize that the plea colloquy

---

[4] Rule 4 provides, in relevant part:

> (b) *Initial Review; Appointment of Counsel to File Amended Petition.* — If the petition is not transferred, the circuit court shall promptly conduct an initial review of the petition. If, upon initial review of the petition and any exhibits in support thereof, the court determines that the petitioner may have grounds for relief but the petition, as filed, is not sufficient for the court to conduct a fair adjudication of the matters raised in the petition, the court shall appoint an attorney to represent the petitioner's claims in the matter, provided that the petitioner qualifies for the appointment of counsel under Rule 3(a). The court may order appointed counsel to

3

was not dispositive of whether petitioner understood that he would have to register as a sex offender for life. Petitioner asserted that when he entered his plea, he was led to believe that he would only have to register as a sex offender for ten years, not for life. We apply a three-prong standard of review to the denial of his habeas petition, reviewing "the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law . . . *de novo*." Syl. Pt. 1, in part, *Anstey v. Ballard*, 237 W. Va. 411, 787 S.E.2d 864 (2016) (quoting *Mathena v. Haines*, 219 W. Va. 417, 633 S.E.2d 771 (2006)).

We find no error in the dismissal of petitioner's habeas petition. West Virginia Code § 53-4A-1(a) provides that "[a]ny person convicted of a crime and incarcerated under sentence of imprisonment therefor" may petition the court for habeas relief. We have explained that West Virginia Code § 53-4A-1(a) "establishe[s] a jurisdictional base for habeas relief." *Cline v. Mirandy*, 234 W. Va. 427, 433, 765 S.E.2d 583, 589 (2014). We have elaborated, "[A]n inmate's right to petition for post-conviction habeas corpus relief ends when he or she is released from incarceration." *Id*. at 434, 765 S.E.2d at 590. It is undisputed that petitioner is not currently incarcerated for first-degree sexual abuse. Further, the crimes for which he is presently incarcerated are wholly unrelated to his prior conviction for first-degree sexual assault.[5]

file an amended petition for post-conviction habeas corpus relief within the time period set by the court.

(c) *Evaluation for Summary Dismissal; Contents of Summary Dismissal Order.* — The petition shall be examined promptly by the judge to whom it is assigned. The court shall prepare and enter an order for summary dismissal of the petition if the contentions in fact or law relied upon in the petition have been previously and finally adjudicated or waived. The court's summary dismissal order shall contain specific findings of fact and conclusions of law as to the manner in which each ground raised in the petition has been previously and finally adjudicated and/or waived. If the petition contains a mere recitation of grounds without adequate factual support, the court may enter an order dismissing the petition, without prejudice, with directions that the petition be refiled containing adequate factual support. The court shall cause the petitioner to be notified of any summary dismissal.

(d) *Order to File Answer.* — For all petitions not dismissed summarily as provided in Rule 4(c), the court shall order the respondent to file an answer or other pleading within the period of time fixed by the court or to take such other action as the court deems appropriate. A copy of the order directing that an answer be filed shall be served upon the prosecuting attorney of the county wherein the petition will be heard.

[5] We observe that the Court has considered a habeas petition challenging a petitioner's confinement as to a particular offense when the petitioner has discharged his sentence as to that offense but remains incarcerated as a recidivist. *See Powers v. Plumley*, No. 14-1169, 2016 WL

Accordingly, his petition is moot, and the circuit court did not abuse its discretion by denying the petition. *See Kemp v. State*, 203 W. Va. 1, 2, 506 S.E.2d 38, 39 (1997) ("[B]ecause the appellant has already been released, his request for a writ of habeas corpus is moot.").[6]

Petitioner also argues on appeal that the circuit court committed reversible error by refusing to convert his habeas petition to a coram nobis petition. We review this alleged error for an abuse of discretion. *See State v. Hutton*, 235 W. Va. 724, 727, 776 S.E.2d 621, 624 (2015) ("We review the final order and the ultimate disposition under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review." (quoting *State v. Allen*, 208 W. Va. 144, 150, 539 S.E.2d 87, 93 (1999))).

We find no merit to petitioner's argument. We have held that relief in coram nobis is available "only in extraordinary circumstances and if the petitioner shows that (1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) there exists a substantial adverse consequence from the conviction; and (4) the error presents a denial of a fundamental constitutional right." *Hutton*, 235 W. Va. at 725, 776 S.E.2d at 623, Syl. Pt. 5, in part. We agree with the circuit court's conclusion that petitioner failed to demonstrate a valid reason for not attacking the conviction sooner. We find that, in this instance, conversion of the petition would have been a futile effort. Accordingly, we conclude that the circuit court did not abuse its discretion by refusing to convert the habeas petition to a coram nobis petition. *Cf. Johnson v. Pinson*, 244 W. Va. 405, 415, 854 S.E.2d 225, 235 (2020) ("[I]t is not an abuse of discretion to deny a motion to amend if the proposed amendment would be futile[.]" (quoting *Chegwidden v. Evenson*, 863 N.W.2d 843, 850 (N.D. 2015))).

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** September 15, 2023

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn

---

765820, at *2 n.5 (W. Va. Feb. 26, 2016) (memorandum decision) ("Although petitioner discharged his sentence on the instant conviction [for robbery], petitioner is still incarcerated as a result of his recidivist conviction. Therefore, petitioner's habeas petition can be presented to this Court."). Petitioner is not currently incarcerated as a recidivist, and so *Powers* does not permit review of his habeas petition in this instance.

[6] Having determined that the habeas petition was moot, we need not consider petitioner's procedural challenges.